FARMER, C.J.
In this personal injury case, the trial court overruled the defendant’s attempted peremptory strike of a juror. Plaintiff had objected to the attempted strike, arguing that the juror was the only member of her race who would be serving on the jury. During voir dire examination, the juror related that she was the principal of a public school for mentally retarded students. She was “very much bonded to all of the students.” One of her students, a second-grader, died in a motor vehicle accident. The child’s grandmother was her close friend and co-worker, and she sympathized with her over the course of three to four years of litigation. It had been only six months since she stopped thinking about this matter on a daily basis. Additionally, her former husband was an attorney who did some personal injury work for injured parties, and she was familiar with his eases. She unequivocally stated, however, that she could “most definitely” remain impartial and unbiased despite these experiences.
When the court asked defense counsel to justify his peremptory strike, counsel stated:
“First of all, that she works as a principal in a school that does have mentally retarded children. So she potentially is going to identify with — with people with those types of injuries. Number two, she has a situation where she had a friend that had a child who was injured or killed on 1-95 in a trucking accident, which she would identify with. And her husband — also her ex-husband was a personal injury attorney. So I think all those reasons are sufficient to — allow us to challenge her for that.”
The trial court denied the challenge, citing the juror’s statement that she could be impartial and saying that “other than color there isn’t any other reason to have her excused.” Defense counsel replied that he believed the asserted grounds “are big reasons to be concerned about her as a juror.” The judge declined to alter his ruling, saying he had “no notes on her” and that he was convinced that “she could be perfectly fair.” We reverse.
*711 The outcome here is controlled by our decision in Allstate Insurance Co. v. Thornton, 781 So.2d 416 (Fla. 4th DCA 2001), which involved the identical issue and surrounding circumstances. There the trial judge found the asserted reason not race neutral because the juror “specifically said he could be fair.” 781 So.2d at 418. This court found:
“The record sheds no negative evidence of any of these relevant circumstances except the racial makeup of the jury. The judge noted that [the juror] assured the court that he could be fair.. However the evaluation of the juror’s credibility is not the test. The test is the credibility of the attorney exercising the strike.... In this instance the judge applied the wrong legal standard — the evaluation of the juror’s credibility. As a result, the denial of appellant’s peremptory strike was clearly erroneous and requires the final judgment be reversed and this cause remanded for a new trial.”
781 So.2d at 419.
Here the trial judge based his decision to disallow the peremptory strike solely on the credibility of the juror. He failed to assess the genuineness of the lawyer’s reasons for using, the peremptory challenge. Under the circumstances, the reasons given by the lawyer are facially race neutral and are supported by the record. The reasons are logical, given the background of the juror. In fact, they seem almost enough even to support excusing the juror for cause. For these reasons, we reverse for a new trial.
KLEIN and HAZOURI, JJ., concur.