787 So.2d 154 (2001)
Willie Wesley JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-575.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
Rehearing Denied July 9, 2001.
*155 Helene Hvizd Morris of Helene Hvizd Morris, LLC, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Willie Wesley Jones, the appellant, shot and killed Delise Jackson, his girlfriend. Jones admitted that he shot Jackson, but contended that he acted in self defense. Jones was tried by jury and convicted of second degree murder and possession of a firearm by a convicted felon. Jones now appeals his convictions, arguing that he is entitled to a new trial due to improper remarks by the prosecutor and the trial court's failure to conduct a proper Melbourne inquiry in denying an attempted peremptory strike of a juror. While we find no merit in Jones' argument regarding the prosecutor's remarks, we agree that Jones is entitled to a new trial because of the error during jury selection.
During questioning of the venire, the parties learned that prospective juror Kurty had served as a juror in a federal gun case five years earlier and, there, the jury had returned a guilty verdict. With this information, defense counsel sought to exercise a peremptory strike against juror Kurty. The State objected, asking for a gender neutral reason. In support of his strike, defense counsel pointed to Kurty's jury service in the federal gun case and the resulting guilty verdict as his "main reason" and added that he was uncomfortable with the way Kurty was looking at Jones. After a brief discussion on the record, the trial judge denied the strike, stating: "[I] don't think it's a genuine strike. As far as I am concerned, she is as qualified as anyone else." Jones insists that the reasons he offered in support of his strike were, in fact, gender neutral, and contends that the trial court failed to engage in the "genuineness" analysis required by the supreme court's decision in Melbourne v. State, 679 So.2d 759 (Fla. 1996).[1] We agree.
In Melbourne, the supreme court set out a three-step procedure to be followed *156 with respect to challenges to a peremptory strike:
(1) the objecting party must make a timely objection, must show that the venireperson is a member of a distinct racial [gender[2]] group, and must request that the court ask the striking party the reasons for the strike; (2) if step (1) is met, the court must ask the proponent of the strike to explain the reason for the strike; (3) if the reason given is facially race-neutral [gender-neutral] and the court believes that given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained. In step (3), the court's focus is on the genuineness and not the reasonableness of the explanation.
Rodriguez v. State, 753 So.2d 29, 40 (Fla.) (citing Melbourne), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000).
In the instant case, step one was clearly satisfied by the State. In turn, defense counsel offered two reasons for the strike: Kurty's prior jury service in a federal gun case where a guilty verdict was returned and defense counsel's discomfort with the way in which Kurty was looking at Jones. And, despite the trial judge's finding to the contrary, the reasons offered were clearly facially gender neutral. See James v. State, 768 So.2d 1221, 1222 (Fla. 3d DCA 2000) (stating that, in step 2, the explanation need only be facially neutral and that step "`does not demand an explanation that is persuasive, or even plausible'") (quoting Melbourne, 679 So.2d at 763).
Since the reasons offered were facially gender neutral, the trial judge was required to engage in step 3's genuineness analysis. Defense counsel's "main" gender neutral reason advanced for the strike was Kurty's prior jury service in a federal gun case where the jury returned a guilty verdict. Although at one point the trial judge did state that "[I] don't think it's a genuine strike," the colloquy between counsel and the court indicates that the trial judge never really undertook a "genuineness" analysis. "[T]he relevant circumstances that the court is to consider in determining whether the explanation is pretextual include such factors as the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged venireperson; or singling out the venireperson for special treatment." Rodriguez, 753 So.2d at 40 (citing Melbourne, 679 So.2d at 764 n. 8). Here, there is nothing in the transcript suggesting that consideration was given to these factors or any others which would uncover whether appellant was trying to improperly keep a female off of the jury. On this record, we are compelled to find that the judge did not engage in the requisite "genuineness" analysis and, thus, to reverse Jones' convictions and remand for a new trial. See, e.g., Anderson v. State, 750 So.2d 741, 744 (Fla. 3d DCA 2000); Daniel v. State, 697 So.2d 959 (Fla. 2d DCA 1997); see also Street v. State, 592 So.2d 369, 372 (Fla. 4th DCA) (quoting Swain v. Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), for the proposition that "`[t]he denial or impairment of the right [to peremptory challenges] is reversible error without a showing of prejudice'"), review denied, 599 So.2d 658 (Fla.1992).
We are cognizant of the cases holding that "`[t]here is nothing in Melbourne which requires trial judges to articulate *157 their thought process on the issue of pretext.'" Young v. State, 744 So.2d 1077, 1083 (Fla. 4th DCA 1999) (quoting Johnson v. State, 706 So.2d 401, 404 (Fla. 3d DCA 1998)); see also Heggan v. State, 745 So.2d 1066, 1068 (Fla. 3d DCA 1999) ("Compliance with the Melbourne analysis does not require the incantation of magical words."). But, here, where a gender or race neutral reason was advanced for the strike, the reason advanced is itself reasonable, and the record is devoid of any indication that the trial judge considered the relevant circumstances surrounding the strike in concluding that it was motivated by improper purposes, we must conclude that the trial judge failed to adequately engage in the "genuineness inquiry" mandated by Melbourne.
REVERSED and REMANDED.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] Contrary to the argument advanced by the State, we find that the issue was preserved for appeal. See Langon v. State, 636 So.2d 578 (Fla. 4th DCA 1994).
[2] Melbourne's three-step inquiry has been expressly held to apply to peremptory challenges that are suspect due to gender. See Foster v. State, 767 So.2d 525, 527 (Fla. 4th DCA 2000).