812 So.2d 536 (2002)
Toto SIPRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-407.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
*537 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Toto Siprien timely appeals after a jury convicted him of attempted unlawful taking of a law enforcement officer's firearm, resisting an officer with violence, and possession with intent to sell or deliver cocaine. He argues the trial court erred in granting the state's peremptory challenges to a potential juror, and in failing to grant a mistrial when the back-up detective testified that Siprien was selling crack cocaine based on the drug's packaging. We affirm on both points raised.
*538 During voir dire, potential juror Moore, an African American man, explained that he had testified for the state the previous month because of his job as a mental health worker in Martin County. He said he came to court a lot. He stated that his experience as a state's witness would not affect his ability to be fair and impartial to both sides. He further explained that if he were chosen as a juror, he could focus on only the evidence presented to him and not on extraneous issues.
The state attempted to use a peremptory challenge to strike this juror. On Siprien's objection, the state was asked to give a race-neutral reason for the strike. The state explained it was striking Moore because he indicated he was a mental health worker, had testified in court previously regarding mental health, and would not make eye contact with anyone. While the court found the lack of eye contact an insufficient reason to sustain the strike, it held that the other two reasons were genuine. It then excused Moore. Siprien renewed his objection to the striking of Moore before the jury was sworn.
At trial, Officer Farless testified that on the date in question he served a misdemeanor arrest warrant on Siprien at the latter's home. As Siprien put on his shoes, the officer noticed a plastic pill bottle labeled "liquid wormer for puppies and dogs" in Siprien's shoe. Siprien put the bottle in his hand and held it close to his chest. Siprien then wrestled with the officer as he tried to retrieve the bottle, and Siprien threw it into the street. The officer finally had to subdue Siprien with pepper spray, but Siprien put his hands on the officer's gun and holster. Back-up arrived, recovered the pill bottle, and found 92 rocks, later determined to be cocaine, inside it.
The court ruled during trial that it would not permit the state's witnesses to testify that Siprien intended to sell the cocaine. Still, Officer Farless then testified that, in his experience as an officer in the Narcotics Unit, he had never arrested a user with 92 cocaine rocks on him and that it was unusual for a user to have so many rocks packaged like that. The backup detective then testified that when she retrieved the pill bottle, she recognized the rocks as crack cocaine. She testified that, in her experience and based on the packaging of the 92 rocks, Siprien was selling the cocaine.
Siprien objected and moved for a mistrial. The court sustained the objection, denied the motion, and gave a cautionary instruction to the jury to disregard the detective's last statement.
Siprien first argues the court erred in allowing the state to strike juror Moore. He maintains the state's allegedly race-neutral reason for the strike was pre-textual. Melbourne v. State, 679 So.2d 759 (Fla.1996) clarifies the process for challenging peremptory strikes of jurors on the grounds of racial bias, as follows:
A party objecting to the other side's use of a peremptory challenge on racial grounds must a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained *539 (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.
Id. at 764 (footnotes omitted). Appellate courts, on review of the granting of a peremptory strike, should presume the strike was exercised in a nondiscriminatory manner and, because the trial court's decision turns primarily on an assessment of credibility, should affirm the court's determination in this regard unless clearly erroneous. Id. at 764-65 (footnotes omitted); accord Jeffries v. State, 797 So.2d 573 (Fla.2001); Farina v. State, 801 So.2d 44 (Fla.2001).
Applying Melbourne to this case, we hold the state adequately complied with steps one and two, by objecting to Moore, an African-American man, as a juror because he was in the mental health field and had testified for the state as to mental health issues in the recent past. Those are race-neutral reasons for the challenge. See King v. Byrd, 716 So.2d 831 (Fla. 4th DCA 1998)(holding as a race-neutral explanation supporting peremptory strike defendant's argument that juror, an African-American woman, was a single mother with two small children who might identify with the plaintiff) (citation omitted), rev. den., 779 So.2d 271 (Fla.2000); Johnson v. State, 706 So.2d 401, 403 (Fla. 3d DCA 1998)(holding that juror's job as a bank teller provided a race-neutral explanation sufficient to sustain the peremptory strike). The court, rejecting Siprien's argument that the state's explanation was pretextual and finding it to be genuine, satisfied the third step by sustaining the strike. See Johnson, 706 So.2d at 403 ("There is nothing in Melbourne which requires trial judges to articulate their thought process on the issue of pretext.") (citation omitted).
While Siprien contends that the state's reasons were insufficient because his case did not involve mental health, his state of mind in resisting Officer Farless arguably came into play. Even if the state's reasons do not seem reasonable, the court concluded they were, nevertheless, genuine, and the record supports this finding. In short, we hold the court's decision in this regard was not clearly erroneous and, therefore, affirm the strike. Cf. Jones v. State, 787 So.2d 154, 155 (Fla. 4th DCA 2001)(reversing for new trial where court never engaged in a "genuineness" analysis before it refused to let appellant strike prospective juror).
Siprien alternatively argues the court should have granted a mistrial when the back-up detective testified that based on the packaging of the 92 rocks, Siprien was selling the cocaine. A motion for mistrial falls within the sound discretion of the trial court, and should be granted only when necessary to ensure that the defendant receives a fair trial. Gorby v. State, 630 So.2d 544 (Fla.1993) (citations omitted).
We agree with Siprien that the testimony was violative of the trial court's earlier ruling precluding such testimony. However, this court has held previously that an officer whose training and experience qualify them to opine as to whether the circumstances surrounding a drug transaction, including the quantity and packaging of the drugs, indicates the drugs were intended for sale, may do so. Scarlett v. State, 704 So.2d 615, 616 (Fla. 4th DCA 1997)(recognizing that an officer, when qualified as an expert, may testify regarding whether drugs were intended for personal use or for sale, based on the amount and packaging of the drugs), rev. den., 717 So.2d 537 (Fla.1998) and Bruce v. State, 616 So.2d 504, 504 (Fla. 3d DCA 1993)(holding evidence supported jury's *540 conclusion that defendant intended to sell the cocaine where defendant had thirteen rocks, individually wrapped in clear plastic baggies, and the state presented the expert testimony of an experienced narcotics officer who stated that the quantity involved indicated that the crack was for sale). In this case a mistrial was not warranted. The testimony appears to have been a surprise response to a question from the state. The trial court immediately sustained the objection by Siprien, gave a detailed curative instruction to the jury, and the matter was not mentioned again. As such, we hold the court appropriately handled the matter.
AFFIRMED.
HAZOURI and MAY, JJ., concur.