833 So.2d 877 (2003)
Linda S. MURRAY and William G. Murray, her husband, Appellants,
v.
William K. HALEY, M.D. and North Florida Surgeons, P.A., a professional association, Appellees.
No. 1D01-4869.
District Court of Appeal of Florida, First District.
January 8, 2003.
*878 Joseph P. Milton and Ronald J. Davis, II, of Milton, Leach, Whitman, D'Andrea, Charek & Milton, Jacksonville, for Appellants.
Michael V. Hammond and Vance R. Dawson of Rissman, Weisberg, Barrett, Hurt, Donahue & McClain, P.A., Orlando, for Appellees.
WEBSTER, J.
Appellants, plaintiffs in a medical malpractice action, seek review of an adverse final judgment entered following a jury trial. They contend that they are entitled to a new trial because the trial court overruled their objection to appellees' peremptory challenges of three female prospective jurors without requiring appellees to articulate a gender-neutral reason for those challenges. We agree and, accordingly, reverse and remand for a new trial.
During jury selection, appellees used peremptory challenges to strike three female prospective jurors. The following exchange then occurred:
[APPELLANTS' COUNSEL]: Your Honor, ... [t]he [appellees] struck Mrs. Severson, Mrs. Slicker, Mrs. Sloan. Basically they used their strikes on all females, and I, in order to preserve the *879 record and to bring it to the Judge's attention, I think I need to make a Neal [sic] objection on that basis.
THE COURT: Thank you.
Mr. Dawson [appellees' counsel], I will not require that you comment. I will deny the Neal [sic] challenge. You also accepted some that were female as well as striking some who were females.
The strikes that I observed were clearly people, male and female, that I thought were not likely to be beneficial to the defense and I find no problem with the challenges.
Before the jury was sworn, appellants' counsel renewed the objection, which was again overruled by the trial court.
Gender-based peremptory challenges are prohibited by both the federal and state constitutions. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 146, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); Abshire v. State, 642 So.2d 542, 544 (Fla.1994). The prohibition applies in both criminal and civil trials. J.E.B., 511 U.S. at 128, 114 S.Ct. 1419; Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991); Hall v. Daee, 602 So.2d 512, 515 n. 5 (Fla.1992). In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Florida Supreme Court refined the procedure, initially outlined in State v. Neil, 457 So.2d 481 (Fla.1984), to be applied in determining the validity of alleged race or gender-based peremptory challenges. Jones v. State, 787 So.2d 154 (Fla. 4th DCA 2001), review denied, 817 So.2d 850 (Fla.2002). First, the party objecting to another party's use of a peremptory challenge on the basis of race or gender must (a) make a timely objection on that basis, (b) show that the prospective juror is a member of a distinct racial or gender group, and (c) request that the court ask the other party its reason for the challenge. Melbourne, 679 So.2d at 764; Jones, 787 So.2d at 156. If these initial requirements are met (step 1), the court must ask the proponent of the challenge to come forward with a race or gender-neutral reason (step 2). Melbourne, 679 So.2d at 764; Jones, 787 So.2d at 156. If the explanation is facially race or gender-neutral and the court believes that, given all of the circumstances surrounding the challenge, the explanation is not a pretext, the challenge will be sustained (step 3). Melbourne, 679 So.2d at 764; Jones, 787 So.2d at 156.
Appellees' principal argument in support of affirmance is that appellants failed to satisfy prong (c) of step 1 because their counsel never requested that the trial court seek a reason from appellees for their challenges. Accordingly, appellees argue that Melbourne did not require the trial court to proceed any further. We disagree.
Although appellants never actually requested that the trial court ask appellees to articulate a gender-neutral reason for their challenges, it is apparent that the trial court understood the nature of the objections. It would elevate form over substance to conclude that, even though the trial court understood the nature of the objections, those objections were insufficient to preserve the issue for appellate review. See, e.g., Franqui v. State, 699 So.2d 1332, 1334-35 (Fla.1997) (holding that, where the defense peremptorily challenged a prospective juror and the prosecutor merely stated that she "would challenge that strike," the state's objection was sufficient to allow inquiry into whether the juror was being challenged for nonracial reasons where the trial court clearly understood that the objection was that the challenge had been exercised because of the prospective juror's race); Pringle v. State, 792 So.2d 533, 535 (Fla. 3d DCA 2001) (noting that "there are no ritual incantations *880 that must be made in order to call forth the striking party's reasons," and holding that, although the prosecution did not request the trial court to ask the defense to give a reason for its peremptory challenge of a white prospective juror, the trial court's anticipatory inquiry shifted the burden to the defense to give a race-neutral reason), review denied, 817 So.2d 849 (Fla.2002). Such a conclusion would also be at odds with our supreme court's directive that "any doubt concerning whether the objecting party has met its initial burden must be resolved in that party's favor." State v. Holiday, 682 So.2d 1092, 1093 (Fla.1996). Accordingly, we conclude that appellants' objections to the challenges were sufficiently preserved to permit appellate review.
Appellants contend that the trial court's failure to require appellees to articulate a gender-neutral reason for their peremptory challenges of the three female prospective jurors constitutes per se reversible error, entitling them to a new trial. We have been unable to find any prior decisions that are directly on point. However, State v. Johans, 613 So.2d 1319 (Fla.1993), would appear to support appellants' argument.
In Johans, the trial court had failed to require the state to give a race-neutral reason for an objected-to challenge of a prospective juror. The supreme court said that "[a] race-neutral justification for a peremptory challenge cannot be inferred merely from circumstances.... The burden imposed on the party required to provide a race-neutral justification is, at worst, minimal." Id. at 1321. It then held that, upon a proper objection, "the trial judge must conduct a Neil inquiry," and "that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial." Id. at 1322.
A rule mandating reversal whenever the trial court fails to require the party exercising the challenge to articulate a race or gender-neutral reason in response to a sufficient objection has some appeal, given the fact that, in Melbourne, the court stated that the trial court's task is to determine the "genuineness" of the reason for the challenge, 679 So.2d at 764; and it is difficult to discern precisely how one would go about determining the genuineness of a reason that was never given. But see Plaza v. State, 699 So.2d 289, 290 (Fla. 3d DCA 1997) (holding that, if a race or gender-neutral reason for a peremptory challenge is apparent from the record, the trial court may deny an objection to the challenge without requiring the party exercising the challenge to articulate a race or gender-neutral reason), review dismissed, 717 So.2d 58 (Fla.1998). Such a rule would also help to ensure that the constitutional rights of prospective jurors are respected. See J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 128, 140-42, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (recognizing that potential jurors, as well as litigants, have a right based in the equal protection clause to nondiscriminatory jury selection procedures); Abshire v. State, 642 So.2d 542, 544 n. 7 (Fla.1994) (same).
We find it unnecessary, however, to resolve this question because, assuming that appellants are required by section 59.041, Florida Statutes (2001), to demonstrate that the trial court's failure to require a gender-neutral reason for the challenges constituted harmful error, we are satisfied from a review of the entire record that appellants have carried that burden. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Blackmon, 754 So.2d 840, 843 (Fla. 1st DCA 2000) (noting that the test for harmful error pursuant to section 59.041 is "`whether, but for such error, a different result may have been reached'").
*881 The final judgment is reversed, and the case is remanded for a new trial.
REVERSED and REMANDED, with directions.
VAN NORTWICK and PADOVANO, JJ., CONCUR.