841 So.2d 659 (2003)
William Lenard WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-810.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
Carey Haughwout, Public Defender, and Tara Finnigan, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
On August 14, 2001, William Watson was charged with felony fleeing and eluding, possession of a firearm by a convicted felon, tampering with evidence and resisting arrest without violence as a result of officers witnessing his involvement in a suspected illegal drug transaction and his subsequent attempt to avoid arrest. After a jury trial Watson was found guilty. We affirm that conviction for the reasons explained below.
During jury selection, the state sought to strike potential juror Mr. Jackson. The defense objected to the strike on the grounds that the potential juror was an African American and so was Watson. The defense asked for a race neutral reason for the strike. In response to the objection, the state explained "Judge, he looked very disinterested to me. Really didn't seem like he wanted to be here. Beyond that, in fact, doesn't look like he would be willing to pay full attention."
*660 After this explanation, the court responded, "[a]ll right. Very well. That's a race neutral decision," and allowed potential juror Mr. Jackson to be stricken. This timely appeal follows.
As the sole issue on appeal, Watson asserts the trial court committed reversible error by finding the state properly exercised a race neutral peremptory challenge to excuse Mr. Jackson from the panel. We disagree.
This court has recently revisited this issue noting the process for challenging peremptory strikes on the grounds of racial bias as follows:
A party objecting to the other side's use of a peremptory challenge on racial grounds must a)make a timely objection on that basis b)show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike. At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather on its genuineness.
Appellate courts, on review of the granting of a peremptory strike, should presume the strike was exercised in a nondiscriminatory manner and, because the trial court's decision turns primarily on an assessment of credibility, should affirm the court's determination in this regard unless clearly erroneous.
Siprien v. State, 812 So.2d 536, 538-39 (Fla. 4th DCA 2002)(quoting Melbourne v. State, 679 So.2d 759 (1996)).
Watson argues that the trial court failed to conduct the genuineness analysis required under Melbourne. In Jones v. State, 787 So.2d 154 (Fla. 4th DCA 2001), this court addressed this particular issue. In Jones, the defense sought to strike a female juror who had previously served on a federal jury and returned a guilty verdict. The trial court denied the strike and explained that the juror was qualified. On appeal, this court found that the court committed reversible error by failing to engage in the proper genuineness analysis. Id.
In reaching its conclusion in Jones, this court pointed out "the relevant circumstances the court is to consider in determining whether the explanation is pretextual include factors such as the racial makeup of the venire, prior strikes exercised against the same racial group; a strike on a reason equally applicable to an unchallenged venireperson, or singling out the venire person for special treatment." Id. (citing Melbourne, 679 So.2d at 764). The court concluded that there was nothing in the transcript to indicate the trial court considered any of the factors before not allowing the juror to be stricken. Ultimately this court concluded where there is a race or gender neutral reason advanced for the strike and the reason is itself reasonable and the record is devoid of any indication the judge considered the relevant factors before concluding that the strike had improper motivations, the judge failed to properly determine the genuineness of the reason given for the strike. Id.
This case is distinguishable from Jones in several respects. In Jones, this court was clear to point out that the record did not indicate any factors were considered by the trial court to determine the genuineness *661 of the reasoning given by counsel seeking to strike the juror. In this case, immediately after striking potential juror Mr. Jackson, the court noted there was another African American on the venire. This comment, indicates the court was considering the make up of the panel.
This case is similarly distinguishable from Carter v. State, 762 So.2d 1024 (Fla. 3d DCA 2000), and other cases which appellant relies upon in his brief. In Carter, the race neutral reason given for the peremptory strike was that the potential juror did not understand reasonable doubt. Id. The defense, which opposed the juror being stricken, did not challenge whether the reason was race-neutral, rather they argued that the juror did not have difficulty with the concept of reasonable doubt. Id. In the case at bar, defense counsel did not contend the state was wrong about juror Jackson's claimed disinterest; rather, Watson asserts the reason given by the state to strike Mr. Jackson was not race neutral.
As discussed in Siprien, our review of the granting of a peremptory strike starts with a presumption that the strike was exercised in a nondiscriminatory manner. Since the trial court's decision turns primarily on an assessment of credibility, its determination should be affirmed unless clearly erroneous. The review of the "genuineness" of the reasons advanced by counsel is a daunting task for appellate courts. On close cases such as this it would assure the proper analysis has been conducted by the trial court if the trial judge would make some observation on the record regarding the genuineness of strike. For example, the trial judge could include his own observations as to whether the prospective juror did in fact appear exceedingly uninterested in the proceedings.
In this case, based on the facially race neutral reason given for the strike, the indication in the record that the court did consider the make up of the venire, and primarily on the trial court's better position to evaluate and determine this issue, we conclude the trial court's decision to allow Mr. Jackson to be stricken was not clearly erroneous and affirm the decision of the trial court.
KLEIN and HAZOURI, JJ., concur.