ROTHENBERG, J.
The defendant, Calvin Streeter, contends that the trial court reversibly erred by allowing the State to use peremptory challenges on two black female jurors, Ms. Dorsey and Ms. Bostwick, without requiring the State to articulate race-neutral reasons for those challenges, as required by Melbourne v. State, 679 So.2d 759 (Fla. 1996).[1] In response, the State argues that it was not required to proffer race-neutral reasons because defense counsel’s statements regarding Ms. Dorsey and Ms. Bostwick did not constitute proper Melbourne objections.
Based on our review of the voir dire transcript, there is no doubt that the trial court understood that defense counsel was objecting to the State’s use of a peremptory challenge on Ms. Bostwick based on racial grounds. See State v. Holiday, 682 So.2d 1092, 1093 (Fla.1996) (“[A]ny doubt concerning whether the objecting party has met its initial burden must be resolved in that party’s favor.”); Murray v. Haley, 833 So.2d 877, 879 (Fla. 1st DCA 2003) (rejecting appellee’s argument that appellant failed to satisfy step one of Melbourne where it was “apparent that the trial court understood the nature of the objection”). Therefore, as defense counsel satisfied step one of Melbourne as to Ms. Bostwick, we conclude that the trial court reversibly erred by not asking the State to articulate a race-neutral reason for the peremptory challenge of Ms. Bostwick. Accordingly, we reverse the defendant’s convictions and sentences, and remand for a new trial.
Reversed and remanded.

. Melbourne provides:
A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
679 So.2d at 764 (footnotes omitted).