Belknap
No. 96-045

THE STATE OF NEW HAMPSHIRE

v.

FRANK TAYLOR

May 9, 1997

*Steven M. Houran*, acting attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Orford, by brief and orally, for the defendant.

HORTON, J. Following a jury trial in Superior Court (*O'Neill*, J.), the defendant, Frank Taylor, was convicted of being an accomplice to the sale of a controlled drug. *See* RSA 318-B:2 (1995). On appeal, the defendant argues that the trial court erred in failing to find that the prosecution impermissibly utilized peremptory challenges to remove potential jurors based on their gender and age. We affirm.

The record supports the jury's finding that the defendant, through his daughter, participated in the sale of marijuana to an

undercover police officer in Laconia. The defendant's arguments on appeal focus solely on events that transpired in the jury selection process.

During jury selection, the prosecution exercised two of its three peremptory challenges. *See* RSA 606:4, III (Supp. 1996). Each challenge removed a man: one was nineteen years old; the other was twenty-five years old. The defense exercised all three of its peremptory challenges, *see* RSA 606:3, III (Supp. 1996), and removed three men (ages forty-seven, sixty-five, and sixty-eight). The empaneled jury contained three men (ages thirty-four, thirty-seven, and fifty-seven); the remaining jurors were women, two of whom were twenty-seven and twenty-eight years old, respectively.

At the conclusion of jury selection, the defendant raised a *Batson* based challenge to the prosecution's two peremptory challenges. *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (prosecution violates the Federal Constitution when it exercises peremptory challenges to remove potential jurors on account of race). Contending that the prosecution impermissibly discriminated on the basis of age and gender, the defendant's attorney argued:

> Given that the nature of these charges has to do with marijuana and given the relative likelihood that young males in this area or any area have probably had some contact with marijuana, it's clear to me that the State was discriminatorily exercising its [peremptory] challenges in order to get rid of these young individuals, young males who might have had some affinity for a defense case here.

After requesting clarification from the defendant's attorney concerning the legal and factual grounds for the *Batson* allegations, the court asked whether the prosecution had a "response." The prosecution contended that the defendant had not made the requisite "preliminary showing" of discrimination. In particular, the prosecution pointed to the defendant's age (forty) and the presence of three men and two young women on the jury. The prosecution also argued that age did not constitute a cognizable class under *Batson* and its progeny. Noting that the defense had removed three older men from the panel, the prosecution further asserted that it could have made a similar "nonshowing of a pattern by asking the Court to look at who the defense has bounced."

The trial court found, based on "all the relevant circumstances," that the defendant "failed to make a prima facie showing of a purposeful or intentional discrimination on the part of the State" in

exercising its peremptory challenges. The court therefore concluded that the jury selection process was "fair and nondiscriminatory."

On appeal, the defendant argues that the trial court erred in failing to find that the prosecution exercised its peremptory challenges based on age and gender and thereby violated State and federal constitutional principles of equal protection. As an initial matter, we agree with the State that the defendant's failure to raise any State constitutional issue in the trial court renders those claims unpreserved. *See State v. Fowler*, 132 N.H. 540, 545, 567 A.2d 557, 560 (1989). We therefore address only the defendant's federal constitutional arguments. *See id.*

Age (including "youth," as the defendant argues) has been rejected by federal courts as a classification entitled to protection under *Batson. See United States v. Cresta*, 825 F.2d 538, 544-45 (1st Cir. 1987), *cert. denied*, 486 U.S. 1042 (1988); *see also United States v. Pichay*, 986 F.2d 1259, 1260 (9th Cir. 1993); *United States v. Jackson*, 983 F.2d 757, 762 (7th Cir. 1993). *But see People v. Mora*, 235 Cal. Rptr. 340, 346-50 (Ct. App. 1987). We conclude that these federal cases accurately interpret the Federal Constitution, and we therefore adopt their holdings under the Federal Constitution. Indeed, the United States Supreme Court has stated that a party may exercise peremptory challenges to remove any group or class of individuals not subject to heightened scrutiny, *see J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 143 (1994), and that classifications based on age do not warrant heightened scrutiny, *see Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313-14 (1976) (per curiam).

Unlike age, gender is a recognized basis for challenging the constitutionality of a party's exercise of peremptory challenges. *See J.E.B.*, 511 U.S. at 130-31. Accordingly, we limit our analysis to the defendant's claim of gender discrimination and reject the defendant's apparent attempt to create a discrete subgroup based on age *and* gender, *i.e.*, "young men."

The defendant's claim of gender-based discrimination is governed by a three-step inquiry:

> [O]nce the opponent of a peremptory challenge has made out a prima facie case of [gender-based] discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a [gender]-neutral explanation (step 2). If a [gender]-neutral explanation is tendered, the trial court must then decide (step 3) whether the

opponent of the strike has proved purposeful [gender-based] discrimination.

*Purkett v. Elem*, 115 S. Ct. 1769, 1770-71 (1995) (per curiam); *see J.E.B.*, 511 U.S. at 144-45. As this test makes clear, "a party alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike." *J.E.B.*, 511 U.S. at 144-45.

■ In order to establish a *prima facie* case, a defendant must point to facts and circumstances that raise an inference of impermissible discrimination. *See Batson*, 476 U.S. at 96-97. Although an inference of discrimination *may* arise from the number of peremptory strikes that the prosecutor directs at members of a cognizable group, *see United States v. Bergodere*, 40 F.3d 512, 516-17 (1st Cir. 1994), *cert. denied*, 115 S. Ct. 1349 (1995), such an inference does not *automatically* spring from the prosecution's use of a limited number of peremptory challenges removing group members. *See id.; United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir.), *cert. denied*, 513 U.S. 891 (1994); *United States v. Cooper*, 19 F.3d 1154, 1159 (7th Cir. 1994). Conversely, the prosecution's failure to exercise all its peremptory challenges, when combined with the presence of group members on the empaneled jury, tends to undermine the *factual* inference of discrimination; but it does not negate, as a matter of *law*, an inference of discriminatory intent. *See United States v. Marin*, 7 F.3d 679, 686 n.4 (7th Cir. 1993), *cert. denied*, 510 U.S. 1064 (1994); *see also United States v. Stewart*, 65 F.3d 918, 925-26 (11th Cir. 1995), *cert. denied*, 116 S. Ct. 958 (1996); *United States v. Lewis*, 40 F.3d 1325, 1342 (1st Cir. 1994). Thus, "the trial court should consider all relevant circumstances" in determining whether a defendant has made the necessary *prima facie* showing. *Batson*, 476 U.S. at 96-97.

■ Based on the trial court's observation and supervision of the jury selection process and the factual nature of *Batson* determinations, we will uphold the trial court's ruling concerning the existence of a *prima facie* case unless it is clearly erroneous. *See Bergodere*, 40 F.3d at 516; *cf. Renovest Co. v. Hodges Development Corp.*, 135 N.H. 72, 75-78, 600 A.2d 448, 450-52 (1991). Here, we find no error in the trial court's conclusion that the defendant failed to make a *prima facie* showing of gender discrimination. Three men were empaneled as jurors despite the availability to the State of an unexercised peremptory challenge. *See Lewis*, 40 F.3d at 1342;

*Cooper*, 19 F.3d at 1159. The defendant himself struck three men. *See Lewis*, 40 F.3d at 1342. Furthermore, the mere fact that the prosecution removed two men is insufficient to compel an inference of discrimination: "A defendant who advances a *Batson* argument ordinarily should come forward with facts, not just numbers alone." *Bergodere*, 40 F.3d at 516 (quotation omitted); *see also Cooper*, 19 F.3d at 1159; *Nickerson v. Lee*, 971 F.2d 1125, 1134-35 (4th Cir. 1992), *cert. denied*, 507 U.S. 923 (1993). The record convinces us that the trial court's findings are not clearly erroneous.

In affirming the trial court's ruling, we necessarily reject the defendant's argument that the prosecutor's statements during the *Batson* inquiry revealed gender·discrimination. *Cf. United States v. Uwaezhoke*, 995 F.2d 388, 392 (3d Cir. 1993) (existence of *prima facie* case irrelevant if prosecution's explanation for its peremptory strikes demonstrates discrimination), *cert. denied*, 510 U.S. 1091 (1994). The prosecution neither tendered a gender-based explanation for its peremptory challenges nor offered a gender-neutral explanation for the strikes. The prosecution instead confined its response to the shortcomings in the defendant's preliminary show- ing. We conclude that the prosecution was entitled to take this approach: challenging step one before ever turning to step two. *Cf. St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509-10 & n.3 (1993) (under analogous burden-shifting procedure of anti-discrimination statute, party's failure to satisfy step two is immaterial if *prima facie* case not established); *Renovest*, 135 N.H. at 77, 600 A.2d at 451 (party entitled to challenge the existence of *prima facie* case before proceeding with its defense).

*Affirmed.*

All concurred.