837 So.2d 1008 (2002)
Tavares Darrell DANIELS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1561.
District Court of Appeal of Florida, Third District.
December 4, 2002.
Rehearing Denied February 26, 2003.
*1009 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
COPE, J.
Tavares Darrell Daniels appeals his convictions for first degree murder, attempted robbery, and improper exhibition of a firearm. We conclude that there must be a new trial, on account of an error in jury selection.
During jury selection, the defense attempted to exercise a peremptory challenge against juror Prieto, who was eighteen years old and was still in high school. Given the juror's Hispanic ethnicity, the State requested an inquiry. See Melbourne v. State, 679 So.2d 759 (Fla.1996).
Defense counsel responded that he made the challenge because the juror was only eighteen years old, and did not have "the life experience or the ability to sit on this jury even though he is of the legal age and meaningfully establish an independent position in this case." The State responded that this constituted age discrimination and was not allowed.
The trial court ruled that a peremptory challenge based on the age of a juror is impermissible, and that peremptory challenges must be age neutral. The trial court refused to allow the peremptory challenge. The juror was seated and served as a member of the jury which decided the case.
So far as we have been able to ascertain, Florida courts have not previously considered the issue presented here. There are, however, a number of decisions from other jurisdictions. The prevailing view is that a peremptory challenge based on the age of the juror is permissible. See Weber v. Strippit, Inc., 186 F.3d 907, 911 (8th Cir. 1999), cert. denied, 528 U.S. 1078, 120 S.Ct. 794, 145 L.Ed.2d 670 (2000); United States v. Cresta, 825 F.2d 538, 545 (1st Cir.1987); State v. Taylor, 142 N.H. 6, 694 A.2d 977 (1997); Baxter v. United States, 640 A.2d 714 (D.C.1994).
We conclude that we should follow the majority rule on this issue. The peremptory challenge should have been allowed.[*] Our conclusion on the jury selection issue renders moot the remaining point on appeal.
For the stated reasons, we reverse the convictions and remand for a new trial.
NOTES
[*] We can understand how the trial court reached this conclusion, given that legislation exists which prohibits age discrimination in employment. See, e.g., § 760.10, Fla. Stat. (2001). However, such legislation does not apply in this context.