869 So.2d 1251 (2004)
Billy LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2658.
District Court of Appeal of Florida, Third District.
April 7, 2004.
*1252 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Andrea D. England, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and WELLS, JJ.
COPE, J.
Billy Lee appeals his conviction for felony petit theft. We affirm.

I.
The State charged defendant-appellant Lee with felony petit theft and strong armed robbery by shoplifting at a Walgreens Store. The store security guard testified that he saw the defendant place six or eight disposable cameras in a plastic bag and walk out of the store without paying for them. The store was equipped with a checkpoint alarm system, so when the defendant left the store, the unpaid-for merchandise caused the checkpoint alarm to go off.
The store security guard testified that he attempted to stop the defendant and the defendant struck him. The security guard apprehended the defendant and turned him over to the police. The state charged the defendant with felony petit theft, see § 812.014(3)(c), Fla. Stat. (2001),[1] and based on the security guard's account of the struggle with the defendant, strong armed robbery. See id. 812.13(2)(c), (3).
The jury acquitted the defendant of the strong armed robbery charge, but found the defendant guilty of the charge of felony petit theft. The defendant has appealed.

II.
The defendant first argues that the trial court erred in overruling a defense hearsay objection. After the defendant was apprehended, Miami-Dade County police officer Rodriguez came to the store. When he arrived, he spoke to the store security guard, Michael Batchler. The prosecutor asked:
Q. And what did he tell you?
[DEFENSE COUNSEL]: Objection. Hearsay.
THE COURT: Go ahead and answer the question.
The objection's overruled.
A. Okay. He said basically that he observed the defendant pick up six one-time use Kodak cameras from that shelf, put it in a bag and exit the store without paying for them.
TR. 271.
In its brief here, the State has not made any argument that there was an applicable hearsay exception, so the objection should have been sustained. However, this was merely cumulative of the other testimony in the case and was harmless beyond a reasonable doubt.
The defense argues in substance that the only evidence there was a theft was the testimony of the store security guard. According to the defense, if the store security guard's testimony were sufficiently undermined, the jury may have acquitted the defendant on the felony petit theft charge.
The defense argument rests on a false premise. To begin with, the bag of cameras was recovered at the scene and brought back to the store where Officer *1253 Rodriguez observed it.[2] Furthermore, the fact that the defendant left the store with the merchandise and set off the checkpoint alarm was based on the testimony of other witnesses, not just the security guard. Thus, the objected-to statement by the officer was cumulative and harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).

III.
The defense next argues that the trial court erred in prohibiting defense counsel from calling its investigator to the stand to testify that a defense witness, Keon Nelson, had been intimidated.
Nelson was a stock clerk at the Walgreens store who heard the Code One announcement and went outside. It appears that in a pretrial statement given to the state attorney's office, Nelson testified that he and the security guard got into a car and chased the defendant. The defense was particularly interested in witness Nelson because his statement indicated that the security guard had initiated contact with the defendant and the defendant had not struck the security guard.
On the stand, however, witness Nelson testified that he could not identify the defendant. He also stated that there had been more than one shoplifting incident at the Walgreens Store and that he may have been confused about which incident involved the car chase. TR. 288-93.
After Nelson left the stand, the defense asked leave to add a witness to its witness list, Menachem Mayberg, an investigator for the public defender's office. The defense proffered that the investigator had been in the hallway outside the courtroom where witness Nelson was waiting to be called. The investigator observed security guard Batchler sit next to Nelson and get "in his face," that is, talk to Nelson in what appeared to be a very forceful manner. On a different occasion, the investigator observed the store manager speak to Nelson very quietly. In both instances the investigator could not hear what was being said.
The defense proffered that the investigator had spoken with Nelson about this camera theft incident on several occasions, including three days before the trial, and Nelson always had a clear recollection of the "camera incident." The defense argued that the investigator's observations strongly suggested that Nelson had been pressured to change his testimony to avoid any contradiction regarding whether the defendant had been apprehended in a foot chase, or a car chase. The defense suggested that this was a plausible explanation for witness Nelson's failure to identify the defendant at trial.
The defense argued that such testimony by the investigator should be allowed under this court's decision in Lopez v. State, 716 So.2d 301 (Fla. 3d DCA 1998). The court denied leave to add the investigator to the defense witness list, and the investigator did not testify.
Under the circumstances present here, we conclude that the ruling was correct. In Lopez, the entire panel agreed that Judge Sorondo's concurrence established the correct procedure to follow in a situation like the one now before us. 716 So.2d at 308 ("Judge Sorondo's concurring opinion addresses the question of what predicate should be laid in order to introduce evidence of third-party threats. Assuming for present purposes that the question of proper predicate is fairly subsumed within *1254 defendant's point on appeal, we entirely agree with Judge Sorondo's analysis and disposition of that issue.").
Judge Sorondo's concurrence states:
The correct procedure in these circumstances is to conduct a hearing outside the presence of the jury. During this hearing the witnesses should be questioned to establish whether they are afraid, and, if so, whether they have been threatened or intimidated. If the state, or the party seeking to explain the witness's change of testimony, presents evidence of the existence of threats or intimidation, either from the witness's testimony, through the testimony of third parties, or through some type of physical evidence such as tape recordings, then the same testimony can be presented to the jury. If requested, the trial court should instruct the jury that the evidence is being introduced solely for the purpose of explaining the witness's change of testimony. If the party opposing the introduction of such evidence desires, the instruction can go further and advise the jury that they must not speculate as to the source of the threats because such information is unknown.
716 So.2d at 310-11 (footnotes omitted).
In the present case the defense partially complied, because the defense was prepared to offer the testimony of the investigator outside of the presence of the jury. However, under Judge Sorondo's concurrence, it would also be necessary for witness Nelson to be recalled to be questioned out of the presence of the jury, to determine if there was probative evidence of threats or intimidation such that the jury should be allowed to hear it.[3] Since the defense proposed to call only the investigator, and not Nelson, the Lopez rule was not complied with and the trial court's ruling was correct on the facts presented.

IV.
For the stated reasons, the conviction for felony petit theft is affirmed.
NOTES
[1] The crime date was November 9, 2001.
[2] After the officer had observed the bag, the cameras were returned to the store inventory. This is not a case in which a theft was observed and then the authorities failed to recover the stolen property.
[3] If possible in such a hearing the security guard and store manager should be questioned as well.