911 So.2d 255 (2005)
Patrick SAFFOLD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1141.
District Court of Appeal of Florida, Third District.
September 28, 2005.
*256 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, C.J., and RAMIREZ and WELLS, JJ.
PER CURIAM.
Patrick Saffold appeals his convictions for sexual battery, lewd and lascivious molestation, and battery.
Defendant-appellant Saffold argues that the trial court erred by overruling defense objections to the prosecution's peremptory challenges of three prospective jurors. See Melbourne v. State, 679 So.2d 759 (Fla.1996). The prosecution peremptorily struck juror Kemp, an eighteen-year-old black male. The trial court allowed the peremptory challenge on the basis of the juror's youthfulness and absence of life experience. "The prevailing view is that a peremptory challenge based on the age of the juror is permissible." Daniels v. State, 837 So.2d 1008, 1009 (Fla. 3d DCA 2002) (citations omitted). The defendant argues that Floyd v. State, 511 So.2d 762 (Fla. 3d DCA 1987), is to the contrary, but we disagree. In Floyd the prosecutor removed five black persons from the six-person jury. The prosecutor stated that as a general rule, he did "not like having young students on my juries for superstitious reasons. . . ." Id. at 763 (emphasis in original). This court concluded that the stated reason was a subterfuge because the prosecutor challenged a black student but did not challenge a white student. Id. at 765.
The State struck juror Sanchez because he was unemployed and also was youthful, being twenty-two years old. The trial court allowed the peremptory challenge. As already stated, age can be a race neutral reason. Daniels. That being so, we need not address unemployment as basis for a peremptory challenge.
The State struck prospective juror Rodriguez. The juror had indicated that jury service would push him behind in his work. The State argued that in light of these concerns, the juror would not be totally focused with respect to what is going on during the course of the trial. We conclude that this is a race neutral reason. See Taylor v. State, 638 So.2d 30, 32-33 (Fla.1994).
*257 The defendant argues that the Fourth District took a contrary position in Soto v. State, 751 So.2d 633 (Fla. 4th DCA 1999), but we do not believe that case supports the defendant's position. In Soto, the defendant had exhausted his peremptory challenges, was granted additional peremptory challenges, and exhausted the additional peremptory challenges. Id. at 638. The defense then asked for more peremptory challenges, "pointing to a juror who was concerned about child care as an objectionable juror whom the defense would have struck had it been granted more challenges." Id. The Fourth District concluded that there had been no abuse of discretion in the denial of the defense request for a second round of additional peremptory challenges. "The fact that a juror expresses concern for his or her personal life while the trial is going on is insufficient to show that the juror is so objectionable as to render a denial of additional peremptory challenges to remove that juror reversible error." Id. Thus the issue in Soto was whether the trial court should have granted additional peremptory challenges. The Soto case did not discuss whether concern for one's personal life while the trial is going on can be a race neutral reason.
The defendant next contends that the trial court erred by admitting into evidence the child hearsay statements of the victim, T.S. T.S. testified at the pretrial hearing regarding child hearsay statements, see § 90.803(23), Florida Statutes (2003), and also testified at trial. The trial court allowed the victim's mother, the investigating officer, and the state attorney's forensic interviewer to testify regarding statements the victim made to them about the charged crimes. The interview with the children's unit in the state attorney's office was videotaped. We conclude that the trial court's determination of reliability is supported by the record. The trial court acted within its discretion in rejecting the defendant's argument that the evidence should be excluded under section 90.403, Florida Statutes. Finally, if there had been any error it would be harmless in view of the defendant's confession.
Affirmed.