# Third District Court of Appeal

### State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-121
Lower Tribunal No. 11-22605A
_____

**Joseph Phelps,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Eighteen years after the murder of Louinas Lucas, a Miami grocery store owner, Joseph Phelps was convicted of first degree murder and attempted robbery with a firearm. Louinas Lucas had closed his store for the night and was carrying home the day's receipts when he was shot in his front yard during an armed robbery. In 2011, an accomplice to the murder, Donald Merelus, who had been arrested and convicted after the crime had occurred in 1996, gave a statement to police from prison incriminating Phelps. Based on Merelus's statement, a grand jury indicted Phelps and, after a four-day trial, the jury returned a guilty verdict on both counts. Phelps raises three primary issues on appeal. We address each in turn.

First, Phelps argues that the trial court erred by accepting the State's peremptory challenge of a twenty-four-year-old, unmarried, African-American juror by failing to give a genuine, race-neutral reason for striking the juror. Melbourne v. State, 679 So. 2d 759, 764 (Fla. 1996). The State asserted that the juror was too young and inexperienced to serve on this jury. In support of a race-neutral justification, the State points out that the youngest juror was a married, twenty-seven-year-old, African-American woman with children. We agree that the trial court did not abuse its discretion by accepting, as genuine, the State's age-and-experience-based, race-neutral reason for striking the juror. Cobb v. State, 825 So. 2d 1080, 1086 (Fla. 4th DCA 2002); see also Saffold v. State, 911 So. 2d 255,

256 (Fla. 3d DCA 2005) (holding that peremptory challenge based on the age and experience of a juror was race-neutral).

Phelps next argues that the trial court abused its discretion by allowing Merelus, a friend of Phelps for some three years prior to the crime, to testify that Merelus had seen Phelps with a gun a month prior to the crime; and that Phelps had bragged to Merelus that Phelps's favorite gun was a .357 Magnum, which was the type of gun used to shoot Louinas Lucas. The trial court determined both that the testimony was relevant and that its probative value outweighed any prejudicial effect. On this record, we are unable to conclude that the trial court abused its discretion in allowing this testimony. Holloway v. State, 114 So. 3d 296, 297 (Fla. 4th DCA 2013) (holding that an "adequate nexus" between ammunition found in defendant's home and ammunition for the type of weapon used in a crime established relevancy and probative value).

Finally, Phelps argues that the trial court abused its discretion by admitting certain testimony of an investigating detective as to conversations the detective had regarding Phelps's admission to a hospital for a gunshot wound at or near the time of the crime. While the State admits that aspects of these out-of-court conversations constitute inadmissible hearsay, on this record we are persuaded that any error in introducing this evidence is harmless. State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) ("Application of the [harmless error] test requires an

examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict."); Hunter v. State, 174 So. 3d 1011, 1016 (Fla. 1st DCA 2015); Lee v. State, 869 So. 2d 1251, 1252-53 (Fla. 3d DCA 2004).

Affirmed.[1]

---

[1] In his appeal, Phelps also raises the argument, for the first time, that the prosecutor affirmatively misled the trial court, Phelps and Phelps's counsel by failing to disclose incentives allegedly provided to Merelus for his cooperation. We do not address this claim. Our affirmance of Phelps's conviction is without prejudice to Phelps asserting this claim in an appropriate post-conviction motion.