711 So.2d 1305 (1998)
Jose VASQUEZ a/k/a Jose Vazquez, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01823.
District Court of Appeal of Florida, Second District.
June 3, 1998.
*1306 James Marion Moorman, Public Defender, and Jeffrey Sullivan, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Jose Vasquez appeals from his judgment and sentence for grand theft and obtaining a vehicle with intent to defraud. We reverse and remand for a new trial.
The State charged Vasquez with committing grand theft, in violation of section 812.014, Florida Statutes (1993), and obtaining a vehicle with intent to defraud, in violation of section 817.52, Florida Statutes (1993). The charges resulted from Vasquez and Rebecca Matchette purchasing a Chevrolet Tahoe worth approximately $27,000 from Bob Taylor Chevrolet on December 5, 1994. To obtain financing through First National Bank of Naples, Vasquez produced a driver's license with his picture and the name Jose Avila and signed a credit application and notice to co-signor form with the name Jose Avila. Matchette signed two checks totaling $2,900 with the name Rebecca Vasquez for the down payment on the Tahoe. After the sale was completed, the salesman, as he did with all his customers, took a photograph of Vasquez and Matchette in front of their new Tahoe.
Upon deposit, the checks were returned for insufficient funds. By early February 1995, no payments had been made on the loan. At that time, First National decided to repossess the vehicle because it had learned that Vasquez was not Jose Avila. The salesman identified Vasquez as being the man in the photograph who identified himself as Jose Avila during the sale of the Tahoe.
On April 9, 1996, the case went to trial. During jury selection, the State exercised a peremptory challenge against potential juror Elizabeth Valdez. Defense counsel objected to the strike, identified Valdez as the only Hispanic person on the panel, and asked that the court have the prosecutor provide a race-neutral reason for the strike. Instead, the prosecutor convinced the trial court that, because he did not have a pattern, he did not need a reason. The prosecutor then volunteered that he "didn't get a good feel for" Valdez. The court allowed the State to strike Valdez without requiring any explanation. After the jury was sworn in, Vasquez objected to the panel.
The trial court committed reversible error in failing to conduct a Neil[1] inquiry regarding the peremptory strike of Valdez. Under State v. Johans, 613 So.2d 1319 (Fla.1993), and Melbourne v. State, 679 So.2d 759 (Fla.1996), the defense properly put the strike of Valdez at issue, and the trial court was required to ask the prosecutor his reason for the strike. The trial court overruled the objection to the strike on the basis that it "didn't find a pattern." Vasquez correctly contends that this was error because it is unnecessary to prove a pattern of discrimination. See Bowden v. State, 588 So.2d 225, 228 (Fla.1991) (stating that "pattern of striking black venire members need not be demonstrated before a trial court's duty to conduct an inquiry into the State's reasons for the excusal of the minority member is triggered"). The failure to conduct a Neil inquiry is reversible error requiring remand for a new trial. See Johans, 613 So.2d at 1322. Thus, we reverse Vasquez's convictions for grand theft and obtaining a vehicle with intent to defraud and remand for a new trial.
We also agree with Vasquez's argument that concurrent convictions are prohibited for grand theft of the Tahoe and obtaining the Tahoe with intent to defraud based on the same transaction. See State v. Thompson, 607 So.2d 422 (Fla.1992), adopting, 585 So.2d 492 (Fla. 5th DCA 1991) (holding that section 775.021(4)(b), Florida Statutes (1989), barred concurrent prosecution *1307 for fraudulent sale of a counterfeit controlled substance and felony petit theft based on the same transaction); State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA) (holding that section 775.021(4)(b)2, Florida Statutes (1993), prohibited conviction for fraud by person authorized to provide goods or services and grand theft based on the same facts), review denied, 698 So.2d 849 (Fla.1997). Thus, on remand, the State may proceed on only one of the charges.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).