723 So.2d 399 (1999)
Villard GEORGES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2384.
District Court of Appeal of Florida, Fourth District.
January 13, 1999.
*400 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
GROSS, J.
We grant appellant's motion for rehearing, withdraw our previous opinion, and substitute the following.
Appellant Villard Georges was charged with one count of aggravated battery and one count of aggravated assault. The charges arose out of an incident where Georges drove a car at victim Matthew Scanlon, and allegedly hit him in the leg. The evidence concerning the assault was strong; the evidence as to the battery was equivocal. A jury found the defendant not guilty of the aggravated battery and guilty of the aggravated assault. Georges appeals from his judgment and sentence.
We find that the trial court erred in its determination that the state's exercise of a peremptory challenge against a black juror was exercised in a nondiscriminatory manner. See Melbourne v. State, 679 So.2d 759, 764-65 (Fla.1996). The prosecutor's reason for excusing the juror was that the juror had indicated that he had been fired from a job, without knowing the reason for the termination. The state analogized this situation to that of Georges, who was fired as a result of the incident in this case. The trial court denied the challenge. However, the trial court's recollection of what the juror said during voir dire was incorrect. See Nunez v. State, 664 So.2d 1109, 1112 (Fla. 3d DCA 1995).
Nothing in the record supports the prosecutor's stated reasons for excusing the juror. The jurors were never asked if they had ever been fired from a job. They were asked a related question about whether anyone had ever had to fire someone or might not be able to fire someone. Contrary to the state's contention in its brief, we find nothing in the record to indicate that the black juror nonverbally responded to relevant questions. Where non-verbal responses might be inferred, each was followed by questioning of the juror making the response. This was not a case where the judge acknowledged or described the non-record behavior which could form the basis for a racially neutral reason for a challenge. See Hill v. State, 547 So.2d 175 (Fla. 4th DCA 1989).
We address other issues which might arise on retrial. We agree with Georges that the trial court erred in allowing the state to bolster the testimony of the victim with prior consistent statements. For example, on cross-examination the victim stated that his left shin had been injured; defense counsel then questioned the victim about his statement to the police, which indicated that the car had struck his right leg, and caused an abrasion to his calf; on redirect examination, the prosecutor introduced a prior statement of the victim that the car "clipped" a leg, without reference to right or left. A second incident of bolstering related to the victim's version of statements made by the defendant during a fight. The impeachment of the victim on this issue was weak, depending on the absence of certain language from a police statement, in which the victim had not responded to direct questions about statements made by the defendant.
Finally, Georges argues that the trial court improperly limited his cross-examination of the victim. Defense counsel questioned the victim about what he did after being clipped by the defendant's car. The victim said that he got up, went over to the vehicle, opened the driver's side door, and grabbed the defendant "because he was reaching in the center console to get something." The court then sustained the state's objections to the following questions: "Is it a crime to strike someone while they're in a car?" and "[D]o you know ... burglary with a battery is punishable by life; it's a first degree felony?"
*401 The trial court rejected the defense argument that the questions were proper to establish the "motive" or "bias" of the victim. This ruling was correct, since the defense did not demonstrate a preliminary basis for the questions, even assuming that their form was proper. See § 90.105(1), Fla. Stat. (1997). Neither through the testimony of the police, nor the examination of the victim did Georges establish that anyone, anywhere, had contemplated a burglary charge against the victim. Thus, there was no anchor in the evidence for the argument that the victim had lied to avoid the serious criminal charges of burglary.
REVERSED AND REMANDED FOR A NEW TRIAL.
STONE, C.J., and WARNER, J., concur.