778 So.2d 445 (2001)
Lee Andrew LEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-277.
District Court of Appeal of Florida, Third District.
February 14, 2001.
*446 Bennett H. Brummer, Public Defender, and Robert Godfrey and Robert Kalter, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
COPE, J.
Lee Andrew Lewis appeals his conviction for robbery and burglary. Because of a jury selection error, there must be a new trial.
Defendant Lewis was charged with robbery of a fast food restaurant. During jury selection, the defense sought to exercise a peremptory challenge against juror Bustamante. As the defense had stricken two males from the jury, the State requested a gender neutral reason for the challenge. The following transpired.
[Defense Counsel]: Judge, he is a resident of Coral Gables. He works as a waiter in probably an upscale restaurant. I just didn't feel like he might be able to relate to my client, the issues in this case and I feel like I have the right to exercise a peremptory challenge based on hiswhere he lives, where he comes from and what he does for a living.
THE COURT: All right. State?
[Prosecutor]: Judge, are you going to find that Mr. Bustamante, for the record, is the third white male that has been stricken in this case by Mr. Mastos. There is nothing on the record to indicate a gender reason. What Mr. Mastos has to do is speculate. He probably can't relate what he does, where he lives.
If that were the case, we can get rid of anybody for
THE COURT: The peremptory challenge is not used for a peremptory[*] *447 reason. It's rejected and Mr. Bustamante is [therefore] seated.
Under Melbourne v. State, 679 So.2d 759 (Fla.1996), there is a three-step process for considering a party's claim that the opposing side is using a peremptory challenge in a discriminatory way.
In the first step, the opponent of the peremptory challenge must make out a prima facie case of racial, ethnic, or gender discrimination. The State alleged gender discrimination and the defense does not claim that there was any error in the first step.
In the second step, the proponent of the strike must give a gender neutral explanation for the strike. "`At this [second] step of the inquiry, the issue is the facial validity of the [proponent's] explanation. Unless a discriminatory intent is inherent in the ... explanation, the reason offered will be deemed ... neutral.'" Id. at 763 (citation omitted). Since the defense reasons do not on their face involve gender, the defense explanation satisfied the second step.
In step three, "`the trial court must then decide ... whether the opponent of the strike has proved purposeful... discrimination.'" Id. at 763 (citation omitted). "If ... the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained...." Id. at 764 (footnote omitted).
In this case the defendant was on trial for holding up a fast food restaurant. Juror Bustamante was a waiter in a restaurant. Defendant's desire to eliminate a restaurant employee from the jury in these circumstances was a legitimate use of a peremptory challenge. The peremptory challenge should have been allowed. We reverse the judgment and remand for a new trial.
COPE and GERSTEN, JJ., concur.
GREEN, J. (specially concurring)
I agree that this case must be reversed for a new trial, but write separately to explain that it is because the trial court either erroneously concluded that the reasons proffered by the defense for the challenge were not facially gender-neutral or the court failed to consider the genuineness of the reasons, as required by Melbourne v. State, 679 So.2d 759 (Fla.1996).
NOTES
[*] Presumably the court said "permissible," not "peremptory."