816 So.2d 257 (2002)
Curtis SHULER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D99-4723, 2D99-4834.
District Court of Appeal of Florida, Second District.
May 17, 2002.
Ronald N. Toward, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
In these consolidated cases, Curtis Shuler challenges his convictions for first-degree murder, armed burglary, and *258 shooting into an occupied vehicle.[1] Shuler alleges that the trial court erred in finding that the State's alleged reason for striking an African American juror was genuine. We reverse.
The final venire in this case consisted of fifty-three potential jurors. Only three members of the venire were African-American. During the first challenge conference, the State used a peremptory challenge to remove one of the African-American venirepersons. Shuler objected to the dismissal, noted the potential juror's race, and requested a race-neutral reason for the action. The State responded that the juror worked for a corporation that had been under investigation by the state attorney. The trial court determined that this reason was race-neutral and overruled Shuler's objection.
Shortly thereafter, a second African-American juror, Ms. Johnson, was stricken by the State. Again, Shuler objected and noted the potential juror's race. The trial court requested a race-neutral explanation for the challenge to which the State responded that the juror "is single, she's in her [forties], she doesn't have any children, but, most importantly to the State, sat on a murder trial that she cannot recall." The trial court noted that it was a "close call on the validity of the reasons" but observed, "I'm not allowed at this stage to consider whether those are good reasons or bad reasons as long as they are race-neutral reasons." No African-Americans served on the jury at Shuler's trial.
Peremptory strikes based upon race are invalid. The supreme court has outlined the three-step procedure to challenge a race-based peremptory strike:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the trial court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.
Melbourne v. State, 679 So.2d 759, 764 (Fla.1996) (footnotes omitted). In examining the relevant circumstances, the trial court may consider the racial make-up of the venire, prior strikes exercised against the same racial group, whether the strike is based on a reason equally applicable to an unchallenged juror, or whether the juror was singled out for special questioning designed to evoke a certain response. Melbourne, 679 So.2d at 764 n. 8. "The presence of one or more of these factors will tend to show that the proffered reason is an impermissible pretext." Overstreet v. State, 712 So.2d 1174, 1177 (Fla. 3d DCA 1998). "The goal of these guidelines is the elimination of racial discrimination in the exercise of peremptory challenges." Melbourne, 679 So.2d at 764.
*259 We find that the trial court clearly erred in accepting as genuine the State's reasons for striking Ms. Johnson. The State asserted that its primary reason for striking juror Ms. Johnson was her inability to recall a murder trial she sat on as a juror thirteen years prior to this case. Ms. Johnson, as well as other jurors, were asked questions concerning prior trials that they had sat on. Several other jurors failed to remember details of their prior trials, including other murder trials. Where Ms. Johnson's response was similar to the responses of other jurors who were not challenged by the prosecutor, the trial court erred in failing to reject the State's explanation as pretextual. See Daniel v. State, 697 So.2d 959, 961 (Fla. 2d DCA 1997).
Moreover, the prosecutor did not explain why the fact that Ms. Johnson was single, in her forties, and did not have children, affected his decision to strike her as a juror, nor do we perceive any reason why these facts were relevant to Ms. Johnson's ability to act as a fair and impartial juror. After considering the factors outlined in Melbourne, we find that the trial court clearly erred in finding that the reasons expressed by the State were genuine.[2]
Accordingly, we reverse Shuler's convictions and sentences for first-degree murder, armed burglary, and shooting into an occupied vehicle in case 2D99-4723 and remand for a new trial. We affirm Shuler's conviction for felony causing bodily injury but remand for resentencing in case 2D99-4834.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] Shuler has not raised any issues concerning his conviction or sentence for felony causing bodily injury in consolidated case 2D99-4834.
[2] We mention that while a trial court's inquiry should not focus on the reasonableness of the asserted nonracial motive, this does not mean that a trial court must ignore the reasonableness of the asserted explanation. As stated in Melbourne, reasonableness is another factor that a trial court may consider in assessing genuineness. Melbourne v. State, 679 So.2d 759, 764 n. 9 (Fla.1996). Trial courts should consider all the relevant Melbourne factors, including the reasonableness of the explanation, in determining whether the stated reason is genuine.