855 So.2d 695 (2003)
Jason Wainwright ALSOPP, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2083.
District Court of Appeal of Florida, Third District.
October 8, 2003.
*696 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot and Melissa Vaughan Rubin, (Ft.Lauderdale), Assistant Attorneys General, for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
WELLS, J.
The defendant appeals his conviction and sentence for resisting arrest without violence, alleging that the trial court erred in failing to require the State to give a race-neutral reason for using a peremptory strike on a Hispanic juror. For the following reasons, we agree and reverse for a new trial.
The State charged the defendant by information with two counts of battery on a law enforcement officer and one count of resisting arrest without violence. During jury selection, the State exercised its first peremptory challenge in the form of a backstrike against prospective juror Julio Campos. Defense counsel objected stating, "Your Honor, we're going to object. Mr. Campos is a member of a minority. We'd ask for a race-neutral reason."
The trial court summarily accepted the State's challenge.
At the conclusion of voir dire, defense counsel accepted the panel subject to his previous objections. The jury found the defendant not guilty on the two battery counts, but guilty of resisting arrest without violence.
We reverse because the trial court committed reversible error in failing to conduct a Neil[1] inquiry regarding the Campos peremptory strike. Under Melbourne v. State, 679 So.2d 759, 764 (Fla.1996)(footnotes omitted), the defense properly put the Campos strike at issue:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct *697 racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
See also State v. Johans, 613 So.2d 1319, 1321 (Fla.1993) (holding "that from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner").
As Melbourne notes, a "simple objection and allegation of racial discrimination" such as "I object. The strike is racially motivated," is sufficient to mandate an explanation for the strike. Melbourne, 679 So.2d at 764 n. 2, 3; see also Murray v. Haley, 833 So.2d 877, 879-80 (Fla. 1st DCA 2003)(all that is necessary is that the trial court understand the nature of the objection under step one of the Neil inquiry; courts should not elevate form over substance); 33 Fla. Jur.2d Juries § 225 ("When a party wishes to object to the other side's use of a peremptory challenge on racial grounds, a simple objection and allegation of discrimination is sufficient, as for example, `I object. The strike is racially motivated.'"); State v. Holiday, 682 So.2d 1092, 1093 (Fla.1996) (finding that "any doubt concerning whether the objecting party has met its initial burden must be resolved in that party's favor").
We reject the notion that no inquiry was necessary because the defense failed to demonstrate that Campos was a member of a distinct racial or ethnic group. The record in this case adequately establishes that Campos is Hispanic, a cognizable ethnic group for the purposes of a Neil inquiry.[2]See State v. Alen, 616 So.2d 452 (Fla.1993) (extending Neil to protect potential Hispanic jurors from exclusion on the basis of ethnicity). Moreover, where it is clear that the challenged juror is a member of a racial or ethnic group and the court is aware of the fact, a general objection is sufficient to trigger an inquiry. See Franqui v. State, 699 So.2d 1332, 1334-35 (Fla.1997) (finding sufficient to mandate a Neil inquiry an objection that the defense would "challenge that strike" where it was clear from the record that the alleged juror was born and raised in Cuba, that the juror's name was Aurelio Diaz, and that the trial court clearly understood the nature of the State's objection); Foxx v. State, 680 So.2d 1064, 1065 (Fla. 3d DCA 1996)(finding the State's comment that "We would ask for a Neil inquiry" sufficient where it was clear from the record that the venire person was a member of a distinct racial group and that the trial court was aware of this fact); Joseph v. State, 636 So.2d 777, 781 (Fla. 3d DCA 1994)(where the State contended that there was no showing that a juror was, in fact, Jewish, finding that the defendant had met the threshold requirement of Neil because the transcripts of voir dire indicated that "[t]here is no question that the trial judge understood the basis of the defendant's objection").
*698 Failure to conduct a Neil inquiry in this case therefore mandates reversal and remand for a new trial. See Johans, 613 So.2d at 1322 (holding that "the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial"); Vasquez v. State, 711 So.2d 1305, 1306 (Fla. 2d DCA 1998) (finding that the trial court committed reversible error in failing to conduct a Neil inquiry where the defendant had properly put the strike of a juror at issue).
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).
[2] Trial courts are free to conduct inquiries as to whether a challenged juror is a member of an ethnic group. See Windom v. State, 656 So.2d 432, 436-37 (Fla.1995)(upholding the trial court's determination of ethnicity where the parties disagreed as to whether a prospective juror was black or Hispanic, and where the trial court questioned the venire person as to her ethnicity, finding that she was East Indian); Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997)(upholding the trial court's determination that a juror was Hispanic where, because the trial court was not certain of the juror's ethnicity, the lower court recalled the juror and questioned him as to his place of birth and heritage). No such inquiry took place in this case; none was necessary since the transcripts confirm that the parties and the trial court understood that Campos was Hispanic.