884 So.2d 1071 (2004)
Karl R. STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-64.
District Court of Appeal of Florida, Fifth District.
October 15, 2004.
*1072 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
After the defense challenged the state's motivation for striking an allegedly African-American prospective juror, the state acknowledged that it did not have a race-neutral reason for the strike. Instead, the state contested that the prospective juror was African-American. Rather than resolve the factual dispute, the lower court ruled that, because the state attorney did not know the prospective juror's race, a race-neutral explanation was unnecessary. We reverse and remand for a new trial.
Under Melbourne v. State, 679 So.2d 759, 764, n. 2 (Fla.1996), the defense objection was sufficient to require the trial judge to address its merits. Because the lower court failed to resolve the fact dispute regarding the prospective juror's race, we must assume that the prospective juror was, in fact, African-American. Thus, it was incumbent on the state to offer a race-neutral reason for the strike, which it failed to do. Although the state attorney's stated subjective belief that the juror was not a member of a distinct racial group might prove relevant to the trial court in assessing the credibility of the state's proffered explanation for the strike, it does not alleviate this step in the Melbourne procedure.
REVERSED AND REMANDED.
PLEUS and ORFINGER JJ., concur.