933 So.2d 557 (2006)
Edgar Sylvester WHITBY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1770.
District Court of Appeal of Florida, Third District.
February 15, 2006.
*558 Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before GERSTEN, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Edgar Sylvester Whitby, appeals his conviction for battery. As we are constrained by this court's opinions in Alsopp v. State, 855 So.2d 695 (Fla. 3d DCA 2003), and Pickett v. State, 922 So.2d 987 (Fla. 3d DCA 2005), we reverse.
The defendant was charged with aggravated battery by knowingly or intentionally causing permanent disfigurement by throwing hot water on the victim. During jury selection, the State sought to back-strike prospective juror Lynn. The defense objected stating that Mr. Lynn, a white male, was a member of a protected class, and requested that the State provide a race-neutral reason. The trial court allowed the peremptory strike of prospective juror Lynn without requiring the State to proffer a race-neutral reason.
The defense then sought to challenge prospective juror Hayes for cause based upon her response that, as a result of her employment with the Drug Enforcement Agency ("DEA"), she would be biased in favor of a police officer when weighing his/her credibility. The State argued that Ms. Hayes should not be excused for cause because after further questioning, she had responded that she would not give a police officer's testimony more weight merely because he was a police officer. Before ruling on the cause challenge, the trial court brought juror Hayes back into the courtroom for further questioning. During this additional questioning, Ms. Hayes stated unequivocally that her verdict would be based upon the evidence presented. Based upon this response and her previous response that she would not give a police officer's testimony more weight merely because he was a police officer, the trial court denied the defendant's cause challenge of juror Hayes.
The jury found the defendant guilty of the lesser included offense of battery and he was sentenced to 300 days in jail. The defendant's appeal challenges the trial court's denial of his cause challenge as to juror Hayes and the trial court's failure to require the State to provide a race-neutral reason for its peremptory challenge of juror Lynn.
The standard for which we review a trial court's ruling on a cause challenge is abuse of discretion. Kessler v. State, 752 So.2d 545, 550 (Fla.1999). "A juror should be excused for cause if there is any reasonable doubt about the juror's ability to render an impartial verdict." Singleton v. State, 783 So.2d 970, 973 (Fla. 2001); see also Kessler, 752 So.2d at 550.
During voir dire, juror Hayes initially indicated that she would be biased in favor of a police officer's credibility. However, upon further questioning, she unequivocally stated that she would not give a police officer's testimony more weight due to his/her status as a law enforcement officer and that she would evaluate the case on the evidence presented. We, therefore, conclude that the trial court acted within its discretion by denying the defendant's cause challenge of Ms. Hayes. *559 See Grullon v. N. Miami Med. Ctr., 780 So.2d 196 (Fla. 3d DCA 2001).
While we conclude that the trial court did not abuse its discretion in denying the defendant's cause challenge of Ms. Hayes, we reverse based upon the trial court's failure to conduct a Neil inquiry regarding the State's peremptory challenge of juror Lynn. In doing so, we express our concern, as other judges of this court have expressed in the past, that the present procedure, which was intended to simplify the process, has led to unnecessary reversals of otherwise error-free trials decided by clearly impartial juries.
In order to protect against racial discrimination in the jury selection process, the Florida Supreme Court in State v. Neil, 457 So.2d 481 (Fla.1984), provided the trial courts with a procedure to follow when determining whether a peremptory challenge is unlawfully being exercised on racial grounds:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective juror's race.
Neil, 457 So.2d at 486-87 (footnotes omitted)(emphasis added).
Over the years, when it became clear that trial courts were having a difficult time applying the procedure established in Neil, the Florida Supreme Court refined the procedure in State v. Johans, 613 So.2d 1319 (Fla.1993). The difficulty appeared to be especially with the application of that portion of the Neil test which required the opponent of the strike to show a strong likelihood that the challenged juror was being stricken solely based upon his race before triggering an inquiry by the court. Thus, in order to provide clear guidance to the trial courts, the Florida Supreme Court again simplified the procedure and deleted the requirement that the opponent of the strike show that there was a strong likelihood that the juror was being challenged solely because of his/her race:
In Florida, there is an initial presumption that peremptories will be exercised in a nondiscriminatory manner. Neil, 457 So.2d at 486. Consequently, we have held that a party concerned about the other party's use of peremptory challenges must make a timely objection, demonstrate on the record that the challenged person or persons are members of a distinct racial group, and show that there is a strong likelihood that those individuals have been challenged solely because of their race. Id. However, the case law that has developed in this area does not clearly delineate what constitutes a "strong likelihood" that venire members have been challenged solely because of their race.
. . .
Rather than wait for the law in this area to be clarified on a case-by-case basis, we find it appropriate to establish a procedure that gives clear and certain *560 guidance to the trial courts in dealing with peremptory challenges. Accordingly, we hold that from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. We recede from Neil and its progeny to the extent that they are inconsistent with this holding.
Johans, 613 So.2d at 1321 (emphasis added).
Thus, in Johans, the Florida Supreme Court eliminated the requirement in Neil that the party objecting to a particular peremptory challenge demonstrate or show that there is a strong likelihood that the peremptory challenge was racially motivated, and prospectively held that the objecting party only needs to allege that the peremptory challenge is being used in a racially discriminatory manner, in order to trigger an inquiry by the court.
Approximately two months after the Florida Supreme Court decided Johans, it noted in Valentine v. State, 616 So.2d 971 (Fla.1993), that it would be "far less costly in terms of time and financial and judicial resources to conduct a brief inquiry and take curative action during voir dire than to foredoom a conviction to reversal on appeal." Valentine, 616 So.2d at 974.
While the language in Valentine signaled the Court's intention to eliminate the requirement that the party objecting to a peremptory challenge, allege the likelihood that the challenge was racially motivated, it apparently did not do so because in 1995, it found no error in the trial court's failure to require the State to provide a race-neutral reason for a challenge of an East Indian juror in Windom v. State, 656 So.2d 432 (Fla.), cert. denied, 516 U.S. 1012, 116 S.Ct. 571, 133 L.Ed.2d 495 (1995). After objections were raised by both the State and the defense regarding peremptory challenges each had made, inquiries made by the trial court, and the race-neutral reasons provided, the defense questioned an additional challenge exercised by the State, stating: "I'd like to question that choice, too, assuming she is black." As there was some uncertainty as to the juror's race, the juror was questioned further and it was learned that she was East Indian. A unanimous Florida Supreme Court concluded that the trial court did not err by failing to require the State to provide a race-neutral reason for the challenge as the defense did not satisfy its burden in order to trigger an inquiry by the court because it failed to allege that there was a strong likelihood that the juror was challenged solely because of her race.
Consistent with what we have held in [State v.] Alen[, 616 So.2d 452 (Fla. 1993),] and Johans, and from our review of the voir dire record, we conclude, in respect to this prospective juror, that the defendant's expressed objection did not make it necessary for the trial court to require the State to have and express a race-neutral reason for the challenge. We reiterate once again what we stated specifically in Neil: there is an initial presumption that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection which demonstrates on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. We followed this statement in Johans by requiring a Neil inquiry when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner.
*561 Windom, 656 So.2d at 437 (emphasis added).
The following year, 1996, the Florida Supreme Court in Melbourne v. State, 679 So.2d 759 (Fla.1996), did, however, simplify the procedure and once again established new guidelines "to be used whenever a race-based objection to a peremptory challenge is made." Melbourne, 679 So.2d at 764.
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis,2 b) show that the venireperson is a member of a distinct racial group,3 and c) request that the court ask the striking party its reason for the strike.4 If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.5
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Melbourne, 679 So.2d at 764. The footnotes in paragraph one are as follows:
2. State v. Neil, 457 So.2d 481, 486 (Fla.1984). A simple objection and allegation of racial discrimination is sufficient, e.g., "I object. The strike is racially motivated."
3. Id.

4. See generally State v. Johans, 613 So.2d 1319 (Fla.1993).
5. See generally id. at 1321 ("[W]e hold that from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner."). Johans eliminated the requirement that the opponent of the strike make a prima facie showing of racial discrimination.
Melbourne, 679 So.2d at 764 (emphasis added).
While footnotes 2 and 5 seem to say that a timely objection must be made and an allegation of racial discrimination be levied, in order to satisfy the requirements of step 1, necessitating an inquiry by the trial court as to the reason for the strike, the language in the body of the opinion implies otherwise. This ambiguity was, however resolved in a subsequent case decided the same year, State v. Holiday, 682 So.2d 1092 (Fla.1996).
In Holiday, the defendant sought to peremptorily challenge a female juror, Margaret Urrutia. In response, the State asserted: "Your Honor, as far as Ms. Urrutia is concerned, I ask for a race and gender neutral reason." The trial court inquired with defense counsel as to his reason for the peremptory challenge and after concluding that the reason given was not race and/or gender-neutral, disallowed the strike. The juror that the defendant wished to strike sat on the jury that convicted him. On appeal, this court reversed the defendant's conviction after concluding that the State's request for a gender and/or race-neutral reason was insufficient to require an inquiry because the State did not place on the record sufficient facts which indicated that the peremptory challenge was being used impermissibly. The Florida Supreme Court quashed this Court's reversal based upon its decision in *562 Melbourne, eliminating the requirement that the party objecting to a peremptory challenge demonstrate that the challenge was being used impermissibly. When citing to Melbourne, however, the Court quoted the following passages from that holding without including the footnotes contained in the Melbourne opinion.
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis,2 b) show that the venireperson is a member of a distinct racial group,3 and c) request that the court ask the striking party its reason for the strike.4 If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.5
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Melbourne, 679 So.2d at 764 (footnotes omitted). The omitted footnotes are:
2. State v. Neil, 457 So.2d 481, 486 (Fla.1984). A simple objection and allegation of racial discrimination is sufficient, e.g., "I object. The strike is racially motivated."
3. Id.

4. See generally State v. Johans, 613 So.2d 1319 (Fla.1993).

5. See generally id. at 1321 ("[W]e hold that from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner."). Johans eliminated the requirement that the opponent of the strike make a prima facie showing of racial discrimination.
By eliminating these footnotes which state that an allegation of racial discrimination is required, the Court intentionally or unintentionally eliminated the requirement that the party objecting to a peremptory challenge, at least allege that the challenge appeared to be racially motivated.
The following year, the Florida Supreme Court addressed the situation where the trial court conducted an inquiry even though an insufficient objection was raised. In Franqui v. State, 699 So.2d 1332 (Fla. 1997), cert. denied, 523 U.S. 1040, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998), the defense sought to peremptorily strike juror Aurelio Diaz. In opposing the strike, the prosecutor stated: "Wait a minute, Judge, are they striking Aurelio Diaz? State would challenge that strike." In response, the defense stated: "I don't like him." Franqui, 699 So.2d at 1334. The trial court disallowed the strike finding that the reason given by defense counsel was not race-neutral and the Florida Supreme Court affirmed the defendant's conviction. In doing so, it found that while an inquiry was not required, "[w]e cannot agree with the dissenting opinion that the State's objection was insufficient to permit the trial court to make inquiry with respect to whether juror Diaz was being challenged for nonracial reasons." Franqui, 699 So.2d at 1335 (emphasis added). The Florida Supreme Court concluded that when an objection is insufficient to require further inquiry by the trial court, the court may exercise its discretion to do so when *563 it clearly understands the nature of the objection. "Moreover, we have encouraged trial judges to err on the side of holding a Neil inquiry." Franqui, 699 So.2d at 1335.
The defendant in the instant case argues that the trial court erred when it failed to conduct a Neil inquiry after his lawyer objected to the State's peremptory challenge of juror Lynn. Whitby's lawyer objected to the State's peremptory challenge of juror Lynn, a white male, and requested a race-neutral reason for the challenge. While counsel did not allege that the challenge was "racially motivated," we reverse based upon the Florida Supreme Court's holding in Holiday and the decisions of this court and the various district courts, which have interpreted the Florida Supreme Court's rulings in Melbourne and Holiday as mandating that a Neil inquiry be conducted when defense counsel simply objects to a peremptory challenge, identifies that the juror is a member of a distinct racial or ethnic group, and requests an inquiry, despite no allegation that the challenge was racially motivated. See Pickett v. State, 922 So.2d 987 (Fla. 3d DCA 2005); Wicks v. Publix Super Markets, 908 So.2d 1190, 1193 (Fla. 2d DCA 2005); Alsopp v. State, 855 So.2d 695 (Fla. 3d DCA 2003); Murray v. Haley, 833 So.2d 877, 879-80 (Fla. 1st DCA 2003).
While the historical analysis of the peremptory challenge issue reflects the Florida Supreme Court's valiant attempt to eliminate the exclusion of jurors based upon their race, gender, or ethnic origin, and to create a workable, simplified standard for attorneys and judges to follow, we believe that a study of the nine years of its application, suggests that review and modification of the standard, is warranted.
The application of this "simplified standard" has proven not to be so simple after all and has led to misuse by trial attorneys; lengthy, needless evaluations as to the genuineness of the proffered reason for the challenge; unnecessary reversals due to failures to make an inquiry; and errors made in performing a pretextural analysis.[1] While it is rather simple and hardly a hardship to inquire regarding a lawyer's motivation for a challenge, if the *564 reason(s) given is/are race-neutral, then the trial court must examine the genuineness of the proffered reason(s). To do so requires a review of each and every prospective juror and every response given by each. This sometimes involves an evaluation of the various responses of over a hundred jurors and often involves that of at least thirty to forty jurors. It is not uncommon in first degree murder death penalty cases, that some 200 jurors may be questioned before a jury is selected. By examining the responses of so many jurors, it becomes obvious how difficult a process this can be both in time and accuracy, and how easy it is for a mistake to be made without having a record to review and an opportunity to review one. To require a reversal over an error regarding a juror's response in an otherwise fair and impartial trial without so much as an allegation that the peremptory challenge appeared to be racially motivated, we believe is taking good intentions too far, and resulting in needless reversals.
Because we believe that this is an issue of great public importance, we certify the following questions to the Florida Supreme Court:
SHOULD THE FLORIDA SUPREME COURT RECONSIDER THE PEREMPTORY CHALLENGE ISSUE IN LIGHT OF THE SERIOUS PROBLEMS WITH THE CURRENT STANDARD?
IN LIGHT OF THE SERIOUS NATURE OF THE OBJECTION TO A CHALLENGE (THAT OPPOSING COUNSEL IS CLAIMING THAT THE PROPONENT OF THE CHALLENGE IS ATTEMPTING TO REMOVE A JUROR BASED UPON THE JUROR'S RACE, ETHINICITY, OR GENDER IN VIOLATION OF THE UNITED STATES and FLORIDA CONSTITUTIONS) AND THE SERIOUSNESS OF THE CONSEQUENCES, SHOULD THE OBJECTING PARTY BE REQUIRED TO AT LEAST ALLEGE THAT THE CHALLENGE WAS RACIALLY (OR OTHERWISE IMPERMISSIBLY MOTIVATED)?
SHOULD FLORIDA FOLLOW FEDERAL CONSTITUTIONAL LAW AND THE STANDARD EMPLOYED IN FEDERAL CASES WHICH REQUIRES THE DEMONSTRATION OF A PRIMA FACIE CASE OF DISCRIMINATION?
SHOULD WE CONTINUE TO REQUIRE REVERSALS DUE TO PROCEDURAL ERRORS REGARDING PEREMPTORY CHALLENGES WHEN THE RECORD LEAVES NO DOUBT THAT THE CHALLENGES WERE NOT MOTIVATED BY RACIAL PREJUDICE AND WHERE THERE IS NO INDICATION THAT ANY SUCH PREJUDICE INFECTED THE JURY WHICH TRIED THE DEFENDANT?
While discrimination and the systematic exclusion of jurors based upon race, ethnicity, gender, or one's religious beliefs is abhorrent and an evil we in a civilized society cannot tolerate, we acknowledge that even good intentions can be taken too far and result in an equally unacceptable evil: that cases be reversed where there is no doubt that the challenge in question was not motivated by racial prejudice, and no doubt that the jury which tried the defendant was an impartial jury, without even an allegation by the defendant that the peremptory challenge was motivated by an improper purpose.
Reversed and remanded; questions certified.
NOTES
[1] Pickett v. State, 922 So.2d 987 (Fla. 3d DCA 2005); Frazier v. State, 899 So.2d 1169 (Fla. 4th DCA 2005); Despio v. State, 895 So.2d 1124 (Fla. 3d DCA 2005); Wallace v. State, 889 So.2d 928 (Fla. 4th DCA 2004); Thomas v. State, 885 So.2d 968 (Fla. 4th DCA 2004); Stephens v. State, 884 So.2d 1071 (Fla. 5th DCA 2004); Russell v. State, 879 So.2d 1261 (Fla. 3d DCA 2004); Alsopp v. State, 855 So.2d 695 (Fla. 3d DCA 2003); Douglas v. State, 841 So.2d 697 (Fla. 3d DCA 2003); Murray v. Haley, 833 So.2d 877 (Fla. 1st DCA 2003); Daniels v. State, 837 So.2d 1008 (Fla. 3d DCA 2002); Fleming v. State, 825 So.2d 1027 (Fla. 1st DCA 2002); Shuler v. State, 816 So.2d 257 (Fla. 2d DCA 2002); Rojas v. State, 790 So.2d 1219 (Fla. 3d DCA 2001); Jones v. State, 787 So.2d 154 (Fla. 4th DCA 2001); Lewis v. State, 778 So.2d 445 (Fla. 3d DCA 2001); Allstate Ins. Co. v. Thornton, 781 So.2d 416 (Fla. 4th DCA 2001); Baber v. State, 776 So.2d 309 (Fla. 4th DCA 2000); Hamdeh v. State, 762 So.2d 1030 (Fla. 3d DCA 2000); White v. State, 754 So.2d 78 (Fla. 3d DCA 2000); Anderson v. State, 750 So.2d 741 (Fla. 3d DCA 2000); English v. State, 740 So.2d 589 (Fla. 3d DCA 1999); Foster v. State, 732 So.2d 22 (Fla. 4th DCA 1999); Michelin N. Am., Inc. v. Lovett, 731 So.2d 736 (Fla. 4th DCA 1999); Henry v. State, 724 So.2d 657 (Fla. 2d DCA 1999); Georges v. State, 723 So.2d 399 (Fla. 4th DCA 1999); Kiwanis Club of Little Havana v. de Kalafe, 723 So.2d 838 (Fla. 3d DCA 1998); Greene v. State, 718 So.2d 334 (Fla. 3d DCA 1998); Randall v. State, 718 So.2d 230 (Fla. 3d DCA 1998); Overstreet v. State, 712 So.2d 1174 (Fla. 3d DCA 1998); Vasquez v. State, 711 So.2d 1305 (Fla. 2d DCA 1998); Archie v. State, 710 So.2d 234 (Fla. 3d DCA 1998); Murphy v. State, 708 So.2d 612 (Fla. 1st DCA 1998); Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997); Daniel v. State, 697 So.2d 959 (Fla. 2d DCA 1997); Hernandez v. State, 686 So.2d 735 (Fla. 2d DCA 1997); Morris v. State, 680 So.2d 1096 (Fla. 3d DCA 1996).