CANTERO, J.,
dissenting.
I dissent from discharging jurisdiction because the district court of appeal has certified to us an important question, the parties have briefed the issue, and we have heard argument. I would answer the question.
In Whitby v. State, 933 So.2d 557, 564 (Fla. 3d DCA 2006), the Third District Court of Appeal certified the question whether we should replace our procedure for addressing the discriminatory use of peremptory challenges as outlined in Melbourne v. State, 679 So.2d 759 (Fla.1996), with the process established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, the Court outlined a three-step procedure. As modified throughout the years, the three steps are: (1) the objecting party must offer facts establishing a prima facie case of purposeful discrimination; (2) if the prima facie burden is met, the proponent of the strike must articulate a neutral explanation for the challenge; and (3) the court must determine whether the opponent of the strike has carried the burden to prove discriminatory purpose. Johnson v. California, 545 U.S. 162, 168, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005).
Our own jurisprudence addressing the problem predates Batson. See State v. Neil, 457 So.2d 481, 483 (Fla.1984). Over the years, we have increasingly brought our own procedure in line with Batson— except as to the first step. See Melbourne, 679 So.2d at 763-64. Over a decade ago, we abandoned the requirement that the objecting party state a prima facie case of discrimination. See Melbourne, 679 So.2d at 764 n. 5 (“[State, v.]Johans [, 613 So.2d 1319, 1322 (Fla.1993)] eliminated the requirement that the opponent of the strike make a prima facie showing of racial discrimination”). Instead, the opponent of the strike must timely object by alleging that the strike was for a discriminatory purpose, “show that the venireperson is a member of á distinct racial group,” and ask the court to. inquire of the strike’s proponent the reason for the challenge. Id. at 764. In all other respects, the procedure is the same.
In Whitby, the Third District expressed concerns about the gamesmanship that sometimes occurs in objecting to peremptory challenges, and about the needless reversals that occur for technical reasons, which the court attributed to the fact that we do not require the opponent of the strike, when objecting to a peremptory strike as discriminatory, to articulate specific facts. Whitby, 933 So.2d at 563. The district court therefore certified the following question, among others, as one of great public importance: Should Florida follow federal constitutional law and the standard employed in federal cases which requires the demonstration of a prima facie case of discrimination? 933 So.2d at 564.[9]
As explained above, the Melbourne test conforms to the federal procedure except as to the first step.. Under federal law, that -step “contemplates something more than simply establishing the minority status of the defendant and the exclusion of a *1132 single venire member who happens to be of the sáme race.” United States v. Abdush-Shakur, 465 F.3d 458, 470 (10th Cir. 2006), cert. denied, — U.S. -, 127 S.Ct. 1321, 167 L.Ed.2d 130 (2007). That is, the federal standard requires that the party opposing the peremptory strike must object and “show[ ] that the totality of the relevant facts gives rise to an inference of discriminatory purpose.” Batson, 476 U.S. at 94, 106 S.Ct. 1712. In Johnson, the Supreme Court explained that although this requirement is not intended to be wholly persuasive of the issue, the objecting party should produce such evidence as to “permit the trial judge to draw an inference that discrimination has occurred.” Johnson, 545 U.S. at 170, 125 S.Ct. 2410.
Under Melbourne, the objecting party has no such burden. A simple objection with .a reference to Melbourne or Batson is enough. As one district judge has noted, the absence of any initial burden has encouraged overzealous attorneys to use a Melbourne objection not as a means to assure nondiscriminatory jury selection but to needlessly disrupt and prolong that process. See Plaza v. State, 699 So.2d 289, 294 (Fla. 3d DCA 1997) (Sorondo, J., specially concurring) (“The practical use of [the Neil/Melbourne objection], however, is rapidly degenerating into a strategic way for attorneys to pollute the trial record with baseless objections, alleging racial, ethnic and gender discrimination, which are completely' unsubstantiated by the record.”). Preventing bias in jury selection is a constitutional imperative, and the procedure for ferreting out unlawful discrimination should not lend itself to such ready abuse.
Forty-six states now apply Batson, requiring the objecting party to establish a prima facie case of discrimination. See Williford v. Emerton, 935 So.2d 1150, 1156 (Ala.2004); Gottschalk v. State, 36 P.3d 49, 53 (Alaska Ct.App.2001); State v. Roque, 213 Ariz. 193, 141 P.3d 368, 378 (2006); Weston v. State, 366 Ark. 265, 234 S.W.3d 848, 852-53 (2006); People v. Bell, 40 Cal.4th 582, 54 Cal.Rptr.3d 453, 151 P.3d 292, 301-02, cert. denied, — U.S. -, 128 S.Ct. 202, 169 L.Ed.2d 38 (2007); Valdez v. People, 966 P.2d 587, 589-91 (Colo.1998); Jones v. State, 938 A.2d 626, 633-34 (Del.2007); Brown v. State, 278 Ga. 724, 609 S.E.2d 312, 318 (2004); State v. Daniels, 109 Hawai'i 1, 122 P.3d 796, 800 (2005); State v. Araiza, 124 Idaho 82, 856 P.2d 872, 877-78 (1993); People v. Rivera, 221 Ill.2d 481, 304 Ill.Dec. 315, 852 N.E.2d 771, 783-84 (2006); Highler v. State, 854 N.E.2d 823, 826-27 (Ind.2006); State v. Griffin, 564 N.W.2d 370, 375 (Iowa 1997); State v. Pham, 281 Kan. 1227, 136 P.3d 919, 928-29 (2006); Gray v. Commonwealth, 203 S.W.3d 679, 690 (Ky.2006); State v. Snyder, 942 So.2d 484, 487-89 (La.2006), cert. granted, — U.S. -, 127 S.Ct. 3004, 168 L.Ed.2d 726 (2007); Whittlesey v. State, 340 Md. 30, 665 A.2d 223, 231-32 (1995); Smart v. Shakespeare, No. CV-95-39, 1997 Me.Super. LEXIS 148, 5-6 (Me.Super.Ct.1997); Commonwealth v. Maldonado, 439 Mass. 460, 788 N.E.2d 968, 971-73 (2003); People v. Bell, 473 Mich. 275, 702 N.W.2d 128, 132-33 (2005); State v. Pendleton, 725 N.W.2d 717, 723-24 (Minn.2007); Flowers v. State, 947 So.2d 910 (Miss.2007); State v. Barnaby, 333 Mont. 220, 142 P.3d 809, 820 (2006); State v. Gutierrez, 272 Neb. 995, 726 N.W.2d 542, 558-59,, cert. denied, — U.S. -, 128 S.Ct. 186, 169 L.Ed.2d 126 (2007); Ford v. State, 122 Nev. 398, 132 P.3d 574, 577 (2006); State v. Taylor, 142 N.H. 6, 694 A.2d 977, 979-80 (1997); State v. Watkins, 114 N.J. 259, 553 A.2d 1344, 1346-47 (1989); State v. Sandoval, 105 N.M. 696, 736 P.2d 501, 503-04 (Ct.App.1987); People v. Wells, 7 N.Y.3d 51, 817 N.Y.S.2d 590, 850 N.E.2d 637, 642 (2006); State v. Au *1133 gustine, 359 N.C. 709, 616 S.E.2d 515, 521-22 (2005), cert. denied, — U.S. -, 126 S.Ct. 2980, 165 L.Ed.2d 988 (2006); City of Mandan v. Fern, 501 N.W.2d 739, 748-49 (N.D.1993); State v. Herring, 94 Ohio St.3d 246, 762 N.E.2d 940, 952-53 (2002); Coddington v. State, 142 P.3d 437, 443 (Okla.Crim.App.2006), cert. denied, — U.S. -, 127 S.Ct. 2032, 167 L.Ed.2d 804 (2007); State v. Longo, 341 Or. 580, 148 P.3d 892, 900-02 (2006); Commonwealth v. Fletcher, 580 Pa. 403, 861 A.2d 898, 909-10 (2004), cert. denied, 547 U.S. 1041, 126 S.Ct. 1617, 164 L.Ed.2d 336 (2006); State v. Holley, 604 A.2d 772, 777-78 (R.I.1992); State v. Martin, 683 N.W.2d 399, 402 (S.D.2004); Zakour v. UT Med. Group, Inc., 215 S.W.3d 763, 767 (Tenn.2007); Goode v. Shoukfeh, 943 S.W.2d 441, 445-46 (Tex.1997); State v. Colwell, 994 P.2d 177, 181-82 (Utah 2000); State v. Donaghy, 171 Vt. 435, 769 A.2d 10, 14-15 (2000); Juniper v. Commonwealth, 271 Va. 362, 626 S.E.2d 383, 407(Va.), cert. denied, — U.S. -, 127 S.Ct. 397, 166 L.Ed.2d 282 (2006); State v. Vreen, 143 Wash.2d 923, 26 P.3d 236, 237 (2001); State ex. rel Ballard v. Painter, 213 W.Va. 290, 582 S.E.2d 737, 742 (2003); State v. Lamon, 262 Wis.2d 747, 664 N.W.2d 607, 614-17 (2003); Mattern v. State, 151 P.3d 1116, 1123 (Wyo.), cert. denied, — U.S. -, 127 S.Ct. 3021, 168 L.Ed.2d 741 (2007).[10]
The district court’s certified question presents the opportunity to consider joining the overwhelming majority of states. Doing so might help to curb the abuses that so concerned Judge Sorondo — and presumably other judges as well. As the law stands, under the first step of Melbourne a party objecting to a peremptory challenge need only state, “Objection. Neil. The juror is white.” Melbourne, 679 So.2d at 764 n. 2. Because, as the district court in this case found, Melbourne applies even to white male jurors, and because every individual necessarily belongs to one distinct racial group or another, theoretically an attorney could object to every single peremptory challenge — whether the juror is white or black, male or female— without ever providing a reason for believing the challenge racially motivated. The other side would then have to justify every peremptory challenge, revealing counsel’s voir dire strategy.
Despite the Court’s best efforts and many decisions over the twenty-three years since Neil, we find ourselves far both from the rule’s original purpose — to prevent racial discrimination in jury selection — and from our reassurance in Neil that there remains an “initial presumption ... that peremptories will be exercised in a nondiscriminatory manner.” 457 So.2d at 486. As long as the objecting attorney’s mere statement of a single, obvious fact (“He’s white.”) is sufficient to raise an inference of discrimination requiring the court’s inquiry, the presumption now appears to go the other way.
For these reasons, I believe we should answer the certified question of whether we should conform our law to the federal standard. I respectfully dissent from discharging jurisdiction.
WELLS and BELL, JJ., concur.

. The district court certified other questions that I see no need to address. However, I would point out that the first question— whether in objecting to the strike a party must allege the existence of a discriminatory purpose — is answered "yes” by the plain language of Melbourne. We stated there that a “party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis.” Melbourne, 679 So.2d at 764 (emphasis added). We also provided an example allegation in a footnote: "A simple objection and allegation of racial discrimination is sufficient, e.g., T object. The strike is racially motivated.’ ” Id. at 764 n. 2.

. Only three states — Connecticut, Missouri, and South Carolina — like Florida, follow Bat-son only with respect to steps two and three. See State v. Rigual, 256 Conn. 1, 771 A.2d 939, 944 & n. 9 (2001); State v. Taylor, 18 S.W.3d 366, 370 (Mo.2000); State v. Adams, 322 S.C. 114, 470 S.E.2d 366, 372 (1996).