On Motion for Rehearing
 

 ROTHENBERG, Judge.
 

 The defendant’s motion for rehearing is denied. We, however, withdraw our former opinion dated January 31, 2007, and substitute the following opinion in its stead.
 

 The sole issue raised in this appeal is whether the trial court erred in denying defense counsel’s peremptory challenge of a prospective juror. As we find no error, we affirm.
 

 During jury selection, the defense moved to exercise a peremptory challenge to strike juror Buchholz. The following took place:
 

 DEFENSE: We are going to ask for a peremptory on Mr. Buchholz, No. 12.
 

 STATE: Judge, I would—
 

 COURT: Wait a minute. What about Buchholz? You are peremptorily challenging him?
 

 DEFENSE: Yes, sir.
 

 COURT: Are you requiring an explanation?
 

 STATE: Yes, Judge.
 

 DEFENSE: Is he a member of a distinct minority group which would render him—
 

 COURT: Buchholz?
 

 DEFENSE: Yes.
 

 COURT: Sounds to me like a German name.
 

 DEFENSE: This is a recognized minority group within the law, I believe. Mr. Buchholz—
 

 COURT: I suppose there is — anybody qualifies under our present great, deeply thought out appellate decisions.
 

 DEFENSE: He is a victim of a house robbery which makes him a victim of a crime. And he can harbor bias or any difficulty in this case—
 

 COURT: The Court will rule that is not a genuine objection and it is overruled.
 

 The defendant claims that the State’s objection to the peremptory challenge of juror Buchholz was insufficient and, therefore, argues that the trial court erred in conducting a
 
 Neil
 

 [1]
 

 inquiry and in requiring the defense to provide a race-neutral reason for the challenge. We disagree.
 

 While the opponent of a peremptory challenge must make a timely objection, identify the distinct racial or ethnic class or gender of the juror being challenged, and request that the trial court ask the striking party to articulate its reason(s) for the strike,
 
 Melbourne v. State,
 
 679 So.2d 759, 764 (Fla.1996), there is no magical incantation which must be uttered to satisfy this requirement. The opponent need only alert the court to his or her objection.
 
 Franqui v. State,
 
 699 So.2d 1332, 1335 (Fla.1997);
 
 State v. Holiday,
 
 682 So.2d 1092, 1093 (Fla.1996);
 
 Alsopp v. State,
 
 855 So.2d 695, 696 (Fla. 3d DCA 2003). “[A]ny doubt concerning whether the objecting party has met its initial burden must be resolved in that party’s favor.”
 
 Holiday,
 
 682 So.2d at 1093 (quoting
 
 Valentine v. State,
 
 616 So.2d 971, 974 (Fla. 1993)).
 

 
 *354
 
 The defendant argues that the State’s objection was insufficient to require the defense to articulate its reason(s) for challenging Buchholz. However, while the law does not require the trial court to make an inquiry as to the striking party’s reason(s) for exercising a peremptory challenge of a prospective juror unless there is a timely objection and the party objecting to the peremptory challenge identifies the distinct racial or ethnic class or gender of the juror being challenged, the trial court may exercise its discretion to do so if it clearly understands the nature of the objection.
 

 In 1997, the Florida Supreme Court emphasized in
 
 Franqui
 
 that “trial courts have broad discretion in determining the propriety of the exercise of peremptory challenges,”
 
 id.
 
 at 1334-35, and drew a distinction between those cases in which reversal is being sought when the trial court failed to make a required inquiry and those in which an inquiry was made even though the objection levied did not require it to do so.
 

 In
 
 Franqui
 
 defense counsel claimed that the trial court erred in denying its exercise of a peremptory challenge of a juror because the State did not satisfy its burden to trigger a
 
 Neil
 
 inquiry to which the defense was required to respond. In rejecting this argument, the majority in
 
 Franqui
 
 stated:
 

 We cannot agree with the dissenting opinion that the State’s objection was insufficient to permit the trial court to make inquiry with respect to whether juror Diaz was being challenged for nonracial reasons. In support of their position, the dissenters rely on
 
 Window, v. State,
 
 656 So.2d 432 (Fla.),
 
 cert. denied,
 
 [516] U.S. [1012], 116 S.Ct. 571, 133 L.Ed.2d 495 (1995)....
 

 [[Image here]]
 

 Our holding in
 
 Window,
 
 was that there was not a sufficient objection to reverse the trial court for not requiring the challenging party to provide race-neutral reasons for the challenge. Thus, the rationale of
 
 Window,
 
 would be pertinent if the trial court in the instant case had declined to inquire into the racial basis for the challenge. Here, however, the trial court clearly understood that the objection to the challenge of a veni-reperson in Dade County, who was born and raised in Havana, Cuba, and whose name was Aurelio Diaz, was being made on racial grounds. This is especially true because there was never any contention made to the trial court that prospective juror Diaz was not a member of a cognizable minority or that there should not be a
 
 Neil
 
 inquiry. Moreover, we have encouraged trial judges to err on the side of holding a
 
 Neil
 
 inquiry.
 

 Franqui,
 
 699 So.2d at 1335 (first and third emphasis added) (footnote omitted). Thus, in
 
 Franqui,
 
 while the State’s objection was arguably insufficient to require the trial court to conduct a
 
 Neil
 
 inquiry, the Florida Supreme Court affirmed Franqui’s convictions after concluding that the trial court did not abuse its discretion in requesting the defense to provide a race-neutral reason for its peremptory challenge of the juror since it was clear that the trial court
 
 understood
 
 that the objection was made on racial grounds.
 

 This Court and the other district courts of this State have likewise repeatedly held that as long as the trial court understands the nature of the objection, an inquiry may be made.
 
 See Murray v. Haley,
 
 833 So.2d 877, 879 (Fla. 1st DCA 2003) (rejecting appellees’ argument that appellant failed to satisfy step one because counsel never requested the trial court to make a
 
 Neil
 
 inquiry and, therefore, did not mandate further inquiry by the trial court and holding that “[although appellants never
 
 *355
 
 actually requested that the trial court ask appellees to articulate a gender-neutral reason for their challenges, it is apparent that the trial court understood the nature of the objections. It would elevate form over substance to conclude that, even though the trial court understood the nature of the objections, those objections were insufficient to preserve the issue for appellate review”);
 
 Alsopp,
 
 855 So.2d at 697 (holding that “where it is clear that the challenged juror is a member of a racial or ethnic group and the court is aware of the fact, a general objection is sufficient to trigger an inquiry”);
 
 Foxx v. State,
 
 680 So.2d 1064, 1065 (Fla. 3d DCA 1996) (finding the State’s comment that “we would ask for a
 
 Neil
 
 inquiry” sufficient where it was clear from the record that the prospective juror was a member of a distinct racial group and the trial court was aware of this fact);
 
 Joseph v. State,
 
 636 So.2d 777, 781 (Fla. 3d DCA 1994) (rejecting State’s argument that because there was no showing that a juror was, in fact, Jewish, the defendant had not met the threshold requirement of
 
 Neil,
 
 finding, instead, that because “[tjhere is no question that the trial judge understood the basis of the defendant’s objection” an inquiry was required).
 

 We reject the premise that an inquiry cannot be made by the trial court unless the threshold is met, a premise clearly rejected by the Florida Supreme Court and this Court. We also find that the defendant’s reliance upon
 
 Windom,
 
 656 So.2d at 436-38, is misplaced, as in
 
 Windom
 
 the issue was whether the trial court erred in failing to make an inquiry, not whether it erred for making one, which is the issue before us. Thus, we conclude, as did the Florida Supreme Court in
 
 Fran-qui,
 
 that the trial court did not abuse its discretion in requesting the defense to provide a race-neutral reason for its peremptory challenge of prospective juror Buch-holz. Because the trial court found that the reasons proffered were not genuine and did not permit the peremptory challenge of Buchholz, and the record clearly supports the trial court’s finding, we affirm.
 

 Affirmed.
 

 [1]
 

 .
 
 State v. Neil,
 
 457 So.2d 481 (Fla. 1984).